## DUNN v. CLEMENT.

1. The declaration states that the note sued on, was made in " Kemper County, Mississippi;" held that the meaning of the averment was, that the note was made in the State of Mississippi, and, as it must be held to be there payable, unless shown to be payable elsewhere ; it was error to take judgment by default, and compute the damages without proof of the rate of interest of the State of Mississippi.

Error to Sumter County Court.

Assumpsit on promissory note by the defendant in error, against the plaintiff in error. Declaration in the usual form, which avers that the note sued on, was made " at Kemper County, Mississippi, to wit : the County and State aforesaid." Judgment by default was rendered for the amount of the note and interest. '

From this judgment, the defendant procecutes this writ of error ; the rendition of judgment without the intervention of a jury, is assigned for error.

Covington & Reavis, for the plaintiff in error.

Stelee & Metcalfe, contra, cited, 2 Porter 239, and Ala. Rep. N. S. 157.

ORMOND, J.—Contracts are construed and governed by the law of the place where they are to be performed. The declaration states that the note was made "in Kemper County, Mississippi;" and as it was not stated that it was not to be performed there, the legal inference is, that it was to be performed where it was made. (Hamach v. Andrews, 9 Porter 10) It is however, insisted that we must presume " Kemper County, Mississippi," is the name of some place in the State of Alabama. It is true, that it is not stated that it was in the *State* of Mississippi, but we cannot close our eyes to the fact, that such is the case, and must understand it as all the rest of the world would, to mean the State of Mississippi.

In the case cited from, 1 Alabama Reports, New Series, we

held, that we would not intend that *Geo.* meant the State of
Georgia; we are not disposed to question that decision; but we
cannot go beyond it.　At an early period in the history, of this
Court, in the case of Peacock v. Banks, Minor 387, the
declaration showed that the note was made, and payable in
Nashville, in the State of Tennessee; and it was held, that
judgment by default, and interest calculated on the note, was
irregular. We cannot perceive the difference between that case
the and present.　If there had been an issue tried between the
parties, we would presume that the necessary proof was made
of the rate of interest of the State of Mississippi; the judg-
ment being by default, no such intendment can be made.

　　For this error, the judgment must be reversed, and the cause
remanded.