## KING v. FINCH.

TENDER.—*Demand of Payment by, and Tender of to, one Unauthorized.*—*Equity.* —The payee of an ordinary promissory note, which was not payable in bank, placed the same in a sealed envelope, with other papers, and deposited the same in a bank as a "special deposit." By inadvertence the officers of the bank took the note out of the package, and notified the maker of the time of its maturity, not, however, claiming ownership; whereupon the maker, at its maturity, tendered to the cashier the amount due, which he declined to receive, stating that he was instructed not to receive it, whereupon the maker afterward paid the same to the holder, declining to pay the interest accrued after maturity.

*Held*, in an action on the note, for such interest, that such tender was invalid, and that the maker was liable for the interest.

*Held*, also, that a court of equity can not supply a defect in a tender, and that it is the duty of the debtor to seek the creditor, and pay the debt, at its maturity.

From the Marion Superior Court.

*J. T. Dye* and *A. C. Harris*, for appellant.

*F. M. Finch* and *J. A. Finch*, for appellee.

BIDDLE, J.—The facts in this case are as follows:

On the 25th day of November, 1870, Edward King made his promissory note to Susan L. Davidson, for twenty-one hundred and twenty dollars, due twelve months after date.

The payee of the note deposited it with the Indiana Banking Company, in a sealed envelope, with other papers, as a "special deposit." The note was not payable at the bank, but generally, and was not commercial paper. It was not left for collection, but merely for safe-keeping; and no authority was given to the bank to receive payment upon it. It still remained the property of the payee. The bank, through some inadvertence of its officers, took the note out of the sealed envelope, and gave the maker notice that the note would become due at that bank on the 25th day of November, 1871. The notice did not claim the note as the property of the bank. Upon the day the note became due, the maker, by his agent, went to the bank and offered to pay it, and tendered the amount to the cashier in United States legal tender notes, but was told by the cashier that he "had been instructed not to receive the money." The note was shown to the agent of the maker, and the money counted by the cashier. After the note was past due, it was assigned by the payee to Fabius M. Finch, to whom the maker paid the principal, but declined to pay the interest, claiming that the interest was stopped by the tender so made at the bank.

Finch received the principal of the note and made a receipt to King, containing certain stipulations, which was also signed by King, as follows:

"Received of E. King 2120 dollars on this note; Mr. King insisting that he made a tender of the same when the note became due, and that he is not liable for interest. I deny that a valid tender was made, and insist that

he is still liable for interest. It is agreed that this payment, if a legal tender was made, shall be in full payment of this note. If the tender was not a sufficient one, interest shall be recoverable as though this payment had not been made.

" Dated Jan'y 31, 1876.

(Signed,)       " F. M. FINCH.
           " ED. KING."

Upon this state of facts, Finch brought this suit to recover the interest, and had judgment in his favor, which was affirmed in general term. King appeals to this court. Thus it appears, that the only question in the case is the sufficiency or insufficiency of the tender. No question is made as to the character of the money, nor the proper amount.

A tender must be made to the proper person to receive the thing tendered, or it will be invalid. In this case the note upon which the tender was made was deposited by its owner in the bank, in a sealed envelope. The bank had no authority to take the note from the envelope, nor to notify the maker, nor to receive payment upon it. The bank never claimed any property in the note, nor the right to receive the proceeds of it. Whatever presumption might arise from the possession of the note by the bank, that it was the property of the bank, or that the bank had a right to collect the money upon it, was rebutted by the statement of the cashier to the agent of King, at the time he made the tender, that he was instructed not to receive the money. In breaking the sealed envelope and taking the note from it, and in giving notice to the maker as stated, the bank exceeded its authority, and the owner of the note was not bound thereby; and when the cashier informed the agent, at the time he made the tender, that " he had been instructed not to receive the money," it was sufficient to inform him that the bank had neither the authority nor the right to receive the money. Tenders are always to be considered *stricti juris*; if a

tender is not legal in every respect, even a court of equity will not support it, nor supply a defect. Nor are tenders more favored at law; the rules which govern them are strict, and must be strictly applied. The refusal of a tender must be absolute; to refuse "till I consult my attorney," is not a refusal in law. *Shotwell's Ex'rs* v. *Denman*, Coxe, 174. It is the duty of a debtor, who owes money, to seek his creditor and pay his debt, wherever the creditor may be found in the State. *Littell* v. *Nichols' Adm'rs*, Hardin, 66.

"If a tender is not legal, a court of equity will not support it: nor supply a defect of a tender against a rule of law, unless perhaps where fraud is used to prevent it." *Gammon* v. *Stone*, 1 Ves. Sen. 339.

In the case of *Hoyt* v. *Hall*, 3 Bosw. 42, which was concerning the sale of a steamboat, receiving a certain bill of sale, and paying certain checks, a witness, after stating the manner in which he had sought one of the principals, to whom the money was to be paid, in a number of places, and could not find him, and then went to his agent, testified as follows: "Next went and drew $20,000 in gold from the bank, placed it on Mr. Stevens' (the agent's) desk, ' and his attention was called to it; I said to him that I was ready to pay to him the four checks of Hoyt of $4,500, with interest, expenses of protest, or whatever might be due, and demanded a bill of sale of the boat. I demanded a bill of sale to Samuel N. Hoyt, the plaintiff; he said he had been notified by one or more of the parties not to deliver the bill of sale, but would refer me to Horace F. Clark; he said he acknowledged the tender, that the money was right as far as that went; that he would not receive the money.'"

Upon this tender, the court, after remarking upon certain other objections alleged against its sufficiency, puts its insufficiency upon the following ground:

"If any doubt as to this point could exist, had nothing subsequently occurred to affect his power to receive payment

and thereby bind the defendants, that doubt is removed, because they had directed him before the tender was made not to receive payment, but if offered, to refer the person offering it to Horace F. Clark, and the person who made the tender relied upon, was so informed, at the time the tender was made. It was then the duty of the plaintiff either to have made a tender to Mr. Clark or to the defendants. None was made to either."

We are of opinion, that the tender in this case was insufficient. It would not have been good against the payee of the note, because the person to whom it was made was not authorized to receive the money, and, therefore, can not be good against her assignee.

The judgment is affirmed, at the costs of the appellant.