Gale *et al. v* Corey.

Filed Dec. 1, 1887.

◇

No. 12,925.

GALE ET AL. *v.* COREY.

PROMISSORY NOTE.—*Duty of Maker to Ascertain Proper Person to Whom Payment Should be Made.*—It is the duty of one having a matured outstanding note, in which no specific place of payment is appointed, to seek out the persons entitled to receive payment and discharge his debt, without waiting until those so entitled establish their right.

SAME.—*Death of Payee.—Decedents' Estates.—Interest.—Abatement of.—Payment.*—Upon the death of the payee of a matured promissory note, interest will not abate thereon, although the maker has the money set apart with which to pay it, and although there is no administration on the estate, the minor heirs of the deceased are without guardians, and it is uncertain as to whether there is indebtedness against the estate. If the maker desires to escape the payment of interest he should cause letters of administration to issue, and pay the debt to the administrator.

SAME.—*Interest After Maturity.—Contract.—*Where a promissory note, by its terms, becomes due at a specified time subsequent to the death of a third party, who, during his lifetime, is to receive the interest thereon, and provides that on the death of such party interest shall cease, such latter stipulation will operate to relieve the maker from the payment of interest from the death of such party until the maturity of the note, after which interest is recoverable at the statutory rate.

From the Marion Superior Court.

*E. Marsh* and *W. W. Cook,* for appellants.

*F. Rand* and *J. M. Winters,* for appellee.

MITCHELL, J.—This was a suit by the appellants against Andrew F. Corey to recover upon three promissory notes. The only matter in controversy is the right of the appellants to recover interest on the notes after they matured.

The facts are embodied in a special finding of facts by the court. So far as material to be stated, they are as follows: On the 12th day of March, 1868, in order to effect a family settlement between himself and his brothers and sister, and presumably to adjust and equalize certain advancements made by his father, the appellee, Andrew F. Corey, executed the notes in suit, payable to Samuel Corey, William M. Corey, Amanda M. Guild and the heirs of John J. Corey, deceased. One note for six hundred dollars was payable one year after the death of John Corey and Mary Corey, his wife ; the second, for a like amount, matured two years after the death of the persons last above named, and the third, for eight hundred dollars, fell due in three years after their death. There was a stipulation in each of the notes that interest should be payable annually at the rate of ten per cent. during the lives of John and Mary Corey, and each note contained a stipulation that interest was " to stop at the death of the said John and Mary Corey." John Corey died June 30th, 1872, and Mary, his wife, died on the 31st day of August following ; so that the first note fell due August 31st, 1873, the second August 31st, 1874, and the third one year later. During the lives of John and Mary Corey, the

interest was paid according to the stipulation in the notes, and after their death, as the notes matured, the amounts due Samuel, William M. and the heirs of John J. Corey, deceased, respectively, were paid in full. The amount due Amanda M. Guild was not paid at maturity, for the reason that she died intestate in 1873, after the death of her father and mother, but before the first note fell due. She left surviving a husband and five children, who succeeded to her rights in the maturing notes. The finding does not disclose the ages of the children, but it appears that some of them were minors at the time of their mother's death, and some of them continued in their minority at the beginning of this suit in 1885. Amanda M. lived and died in Hancock county. She left no debts, and there was, consequently, no administration of her estate, but the appellee, who resided in Marion county, did not know whether her estate was indebted or not. In 1883, Horace Guild, the surviving husband of Amanda M., died intestate. His estate was settled in due course of law. In 1884, Mary M., a married daughter of Amanda M. and Horace Guild, died, leaving a surviving husband as her only heir. She left no debts, and there was no administration of her estate. Franklin Steele was afterwards appointed guardian of the persons and estates of Annie and Jesse, minor heirs of Amanda M. and Horace Guild. So far as appears, there had been no guardian for the minors prior to this appointment.

The notes in suit were secured by a duly recorded mortgage covering real estate, owned by the defendant, situate in Marion county. It does not appear that any proceedings had been taken to establish the right of the heirs of Amanda M. Guild to receive that portion of the money due them, or that any notice had ever been given to, or demand made upon, the defendant for payment. It is found that he had a sufficient amount of money constantly on hand to pay the amount due on the notes, and that ever since they matured he has been willing, able and anxious to pay them to any

person or persons legally authorized to receive the money, and enter satisfaction of the mortgage; but that he did not have the money separate and set apart from other money for the special purpose of paying the notes.

The appellee appeared without process upon the filing of the complaint, and with his answer tendered to and deposited five hundred dollars with the court, which is found to be the full amount due, unless the plaintiffs are entitled to recover interest.

As conclusions of law, the court stated that the plaintiffs were entitled to recover the principal, but that they were not entitled to recover interest or costs. Judgment was given accordingly, over the appellants' exceptions to the conclusions of law stated.

In support of the conclusions stated by the court, it is claimed that, because the appellee was constantly ready and able to pay the money to any person or persons who would establish a right to receive it and release the mortgage, and because the appellants failed in any manner to establish such right, interest is not recoverable. It is suggested, moreover, that the stipulation contained in the notes, to the effect that interest should stop after the death of John and Mary Corey, prevented the recovery of interest after the maturity of the notes.

By the terms of the contract no interest was provided for as between the payees and maker of the notes. As between them the notes matured and were payable in one, two and three years, respectively, after the death of John and Mary Corey, without interest. The interest reserved was for the benefit of, and was payable annually at the rate of ten per cent. to, the father and mother during their joint lives, and to the survivor, upon the death of either, during his or her life. Upon the death of the survivor, and until each note matured, interest was suspended by an express stipulation that interest should stop after their death.

This last stipulation can not, however, be construed so as

to effect a suspension of interest, in case the amounts due were voluntarily withheld from the persons entitled thereto after the maturity of the notes.

Interest on the loan or forbearance of money, goods, or things in action, accrues and is ordinarily recoverable by force of the statute, and not according to the ancient common law, which made it both unlawful and a crime to take interest. *Frazer* v. *Boss*, 66 Ind. 1.

Section 5200, R. S. 1881, provides, among other things, that " On money due on any instrument in writing, \* \* \* interest shall be allowed at the rate of six dollars a year on one hundred dollars."

After the time stipulated for payment the amount due on each of the several notes was money due upon an instrument in writing, and in the absence of any contract rate having been fixed between the payees and maker, the statute required the allowance of six per cent. interest from the time the principal debt ought to have been paid, unless, from some cause which the appellee could not control, the right to make payment was suspended by law. *City of Jeffersonville* v. *Patterson*, 26 Ind. 15 (89 Am. Dec. 448) ; *Kellenberger* v. *Foresman*, 13 Ind. 475 ; *Brown* v. *Railway Pass. Assurance Co.*, 45 Mo. 221 ; *Knickerbocker Ins. Co.* v. *Gould*, 80 Ill. 388 ; 2 Daniel Neg. Insts., section 1513.

As there is no claim of a tender having been made until after the beginning of the suit, we need give the subject of abatement of interest by tender no further consideration.

The inquiry which remains is, did the facts that no administration was had upon the estate of Amanda M. Guild, and no guardian appointed for her minor heirs, or that the appellants did not by some method have their right to receive payment of the notes judicially established, suspend the right of the appellee, or legally restrain him from making payment of the notes, in such a sense as that, notwithstanding the statute, the interest abated ?

We know of no principle or authority which justifies an

affirmative answer to this inquiry. The facts found by the court present the ordinary case of a debtor whose maturing obligation becomes, by the death of his creditor, part of the assets of a decedent's estate.

After the death of any one some brief period must necessarily intervene before letters of administration can issue. Whether letters be issued soon or late, or in case none at all should issue, no sufficient reason is thereby furnished for the abatement or suspension of interest upon written instruments which evidence money due the decedent's estate.

If it were conceded that interest can not be recovered which has accrued during a period in which a debtor, who has set the money apart to pay a matured debt, has been restrained by law from making payment (Sutherland Damages, 692, *et passim*), still the appellee's case would not be aided by the concession.

In view of statutes which authorize probate courts to issue letters of administration to any competent inhabitant of the county after a limited time, or in cases of delay to summarily, upon application, issue special letters, one who is indebted to an estate can suffer no substantial restraint from paying his debt if he wishes to exercise his rights. If delay results it must be on account of the non-action or neglect of the debtor to avail himself of the opportunities which the law affords, and for delay so occasioned a debtor may not avoid the payment of interest which is allowable by a positive statute.

If the appellee had doubts concerning the indebtedness of Mrs. Guild's estate, or whether he could safely pay his debt to the heirs, or if there was a question concerning who were legally entitled to receive payment as heirs, or if some of those entitled were minors, the appointment of an administrator, which he could have secured without cost or difficulty, would have solved all the doubts and removed all possible embarrassments. Having the power to act, he was not restrained. Supineness is not legal restraint. The case is

controlled in principle by the ruling in *Jones* v. *Detchon,* 91 Ind. 154.

It was the duty of the appellee, as it is the duty of all who have matured outstanding notes, in which no specific place of payment is appointed, to seek out the persons entitled to receive payment and discharge their debts, without waiting until those entitled have established their right. *King* v. *Finch,* 60 Ind. 420.

Having elected to wait until those entitled brought him into court, it must be held that he did so upon the condition that he pay interest as the statute provides.

As it is found that the estate of Amanda M. Guild was not indebted, there is no obstacle in the way of the heirs maintaining this suit. *Salter* v. *Salter,* 98 Ind. 522; *Holzman* v. *Hibben,* 100 Ind. 338; *Langsdale* v. *Woollen,* 99 Ind. 575.

The fact that the heirs were entitled to collect the amount due their deceased ancestor, without an administrator, did not, however, prevent the appellee, or any other person interested, from securing the appointment of an administrator if he had so desired.

The judgment is reversed, with costs, with directions to the court below to restate its conclusions of law in accordance with this opinion.

Filed Sept. 29, 1887.

## ON PETITION FOR A REHEARING.

MITCHELL, C. J.—It seems hardly necessary to say that the opinion given on the original hearing was not intended to, and does not, in any way affect the rule upon the subject of interest, as announced in *Kilgore* v. *Powers,* 5 Blackf. 22, and the later case of *Shaw* v. *Rigby,* 84 Ind. 375 (43 Am. R. 96). These cases hold, in effect, that the interest recoverable on a contract which stipulates the rate to be paid, is at the same rate after as before the maturity of the contract. Obviously, however, these cases do not hold, nor do any others that we are aware of, that in case the contract stipulates

that a sum of money shall be paid at a certain day, without interest, it shall continue to run indefinitely without interest until payment is enforced.   After maturity the money is due upon an instrument in writing, and as there never had been, in the case supposed, any contract rate fixed, the statute fixes the rate at six per cent.   This was decided, in effect, in the recent case of *Kopelke* v. *Kopelke, post,* p. 435.

In the present case there was no contract fixing the rate of interest between the maker and payees of the note.   The stipulation that interest should stop after the death of John and Mary Corey was equivalent to a stipulation that from their death until the maturity of the notes, respectively, the notes should run without interest.   After the maturity of the notes, the amount represented by each became money due upon an instrument in writing, and the interest recoverable was controlled by the statute.

Nothing further need be said, except to observe that the original opinion contains no intimation that the appellee might have procured himself to be appointed administrator of the estate in question.   It remains true, nevertheless, that any one, no matter where he resides, who shows that he is interested in an estate, and that a necessity exists for the appointment of an administrator, so as to enable persons who are indebted to make payment, may secure the appointment of an administrator, if none has been appointed, and the statutory time for making application, by those having the preference, has expired.

The petition is overruled.

Filed Dec. 2, 1887.