## Mrs. M. L. Gage v. J. E. McSweeney.

### May Term, 1902.

Present: Rowell, C. J., Tyler, Munson, Watson, Stafford and
Haselton, JJ.

Opinion filed August 21, 1902.

*Promissory note—Place of payment—Interest after maturity
—Conduct of payee.*

A promissory note which does not specify the place of payment, but is
    executed and delivered in the town of the maker's residence to a
    person residing without the state, is, by legal intendment, payable
    in such town.

The maker of such a note is not obliged to go into another state to
    make tender of payment.

Although interest is, without express contract therefor, generally al-
    lowed after the maturity of the debt by way of compensation in
    damages for the debtor's default, it will not be allowed in equity
    when the non-payment is due solely to the fault of the payee.

Appeal in Chancery in foreclosure proceedings. Heard
on the report of a special master at the March Term, 1902,
Washington County, *Start,* Chancellor, presiding. Decree for
the petitioner. The defendant appealed.

*Gordon & Jackson* and *H. W. Scott* for the defendant.

When a note is made at a certain place and the payee re-
sides out of the state, the place of making the note or the resi-
dence of the maker, is the place of payment. *Peck* v. *Hibbard,*
26 Vt.698; *Worden* v. *Nourse,* 36 Vt.756; *McCurden* v. *Jonas,*
173 Pa. St. 507; *Sasseer* v. *Whitley & Stone,* 10 Md. 103;
*Pickets* v. *Pendleton,* 14 Md. 320; *Orcutt* v. *Hough,* 54 N. H.
472; *Bullard* v. *Thomas,* 35 Tex. 313. The defendant was not
obliged to seek the creditor outside of the state, for one state
is a foreign state to another for such purposes. *Buckner* v.
*Finley,* 2 Pet. 587; *Allshouse* v. *Ramsay,* 6 Whart. 331.

When a note is payable in this state, as this one was, and the holder has it without the state and is herself out of the state, and has no agent or person to receive payment in this state, all that is required of the maker is to be ready and willing to pay at date of maturity, which the master finds the defendant was in this case.    He has kept the money set aside for this purpose until it was paid into court.  *Gill* v. *Bradley,* 21 Minn. 15; *Tasker* v. *Bartlett,* 5 Cush. 359; *Sharp* v. *Todd,* 38 N. J. Eq. 324; *Judd* v. *Encine,* 6 Barb. 258; *Smith* v. *Smith,* 25 Wend. 405; *McDaniels* v. *Reed,* 17 Vt. 674.

When a contract, as in the case of this note, is to pay a specified sum of money at a certain date, with interest, the contract for interest does not continue after maturity.    The maker will not have to pay interest after maturity, unless he is in default, and then pays interest only by way of damages.    In the case at bar, if the defendant was ready and willing at Barre, to pay the note at maturity with interest to that date, he is not obliged to pay interest after maturity by way of damages.    1 Sutherland on Dam. ss. 309, 382, 383; *Thompson* v. *Fullanwider,* 5 Ill. App. 544; *Lexdyard* v. *Bull,* 119 N. Y. 62, 74; *Hauxhurst* v. *Hovey,* 26 Vt. 544; *Ives* v. *Bank,* 2 Allen, 236.

*Edward W. Bisbee* for the petitioner.

It was the duty of the defendant to pay the debt before he could expect the mortgage discharged and delivered to him or his agent.

A promissory note which does not specify any place of payment in terms is, as against the maker, payable wherever the lawful holder may be.    *Bank* v. *Richards,* 35 Vt. 281; *Brainerd* v. *Marshall,* 8 Pick. 194; *Towne* v. *Smith,* 24 Fed. Cas. 115; *Walton* v. *Mascall,* 13 M. & W. 452; 4 Eng. Rul. Cas. 483; 18 Am. & Eng. Enc. Law 198.

WATSON, J.    At the time of giving the note in question, the maker resided at Barre, in this state, and the payee, in the

state of New Jersey. Since that time, the maker's residence has remained the same. The payee's residence remained the same until about three years ago, when she removed to Philadelphia, in the state of Pennsylvania, where she has since resided. The debt was contracted at Barre, and the note was there executed and delivered. It is dated at Barre, but it has no specified place of payment. Where was the place of payment in law, is one of the questions before us.

Since the residence of the maker, the place of contracting the debt, and of the execution and delivery of the note were at Barre, we think by intendment the note was payable there. This seems to be in accordance with the settled principles of law in this state. In *Baylies* v. *Trustees of Houghton & Company,* 15 Vt. 626, the question was whether certain promissory notes were subject to trustee process in this state, where the trustee and maker resided. The payee and principal defendant resided at Boston, in the state of Massachusetts, where the notes, containing no specified place of payment, were executed and delivered. It was held that by intendment the notes were payable in Boston, and that, as they were not liable to trustee process there, they were not here. In *Peck* v. *Hibbard,* 26 Vt. 698, 62 Am. Dec. 605, the note was executed and delivered in the Province of Canada, where the maker and payee resided, but it had no named place of payment. It was presented to and allowed by the provincial court in bankruptcy proceedings against the maker. After being thus allowed and before the maker's final discharge, the note, overdue, was transferred in this state for a valuable consideration to the plaintiff, a citizen and resident here, who had no knowledge of the bankruptcy proceedings. The maker's discharge was pleaded in bar. It was held that the note must be regarded as payable in the Province of Canada, the same as if a particular place of payment there had been designated in the body of the

note, and that the discharge was a good defense. In *Worden v. Nourse and Trustee,* 36 Vt. 756, the question, as far as the case is important here, was, whether one of the trustees should be held chargeable upon a certain promissory note. The maker resided in this state, the note was given here for a debt here contracted. The payees and principal defendants, at the date of the note and ever after, resided in Boston, in the state of Massachusetts, and there negotiated the note before maturity to the claimant in the suit who gave no notice thereof to the trustee before the service of the writ. The liability of the debt to trustee process depended upon whether its *situs* was here or in Massachusetts. In discussing the question, the court said that the place of the execution of the note alone ought not to be decisive; that it was to be considered in connection with the other elements in determining the place of payment which the parties had in contemplation, and which go to show the *situs* of the debt. The *situs* was held to be in this state. In respect to this question, the case is parallel with the case at bar and decisive of it.

The oratrix contends that a note payable generally is by the nature of the contract payable anywhere, and, in support of this proposition, she cites *Braynard* v. *Marshall,* 8 Pick. 174; but that case was discussed by this court in *Peck* v. *Hibbard,* above cited, and by a quotation from Mr. Justice Story, it is shown to contain a doctrine that "has never been propounded in any common law authority, nor ever supported by the opinion of any foreign jurist."

Under the common law of England, when a contract for the payment of money contains no specified place of payment, the debtor must seek out the creditor and pay him. *Walton* v. *Mascall,* 13 M. & W. 452, 4 Eng. Rul. Cas. 483. But this rule always had its limitation that if the creditor be out of the realm of England, the debtor was not bound to seek him or to go out

of the realm to tender the money.   Co. Litt. 210; Bacon's Abr. Tit. Tender.   In this country the States of the Union are foreign countries with respect to one another, regarding bills of exchange,—*Buckner* v. *Finley,* 2 Pet. 587,—and a debtor is not obliged to go into another state to tender the money on such a contract to save a forfeiture.   If the creditor is out of the state, this dispenses with the tender, and no rights are lost to the debtor by his inability to make it.   *Smith* v. *Smith,* 25 Wend. 405; *Hale* v. *Patton,* 60 N. Y. 233, 19 Am. Rep. 168; *Allshouse* v. *Ramsay,* 6 Wharton, 331, 37 Am. Dec. 417; *Littell* v. *Nichol's Admrs.,* Hardin, 66; *Gill* v. *Bradley,* 21 Minn. 15.

In the case at bar, the note by its terms did not draw interest after maturity, October 14, 1900.   It would be on interest thereafter only by way of compensation in damages, because the maker was legally in default.   *Abbott* v. *Wilmot,* 22 Vt. 437; *Hauxhurst* v. *Hovey,* 26 Vt. 544.   Yet it is the general rule in this state that interest is allowed after the debt is due, without any express contract therefor, unless there appears to be some special reason for withholding it.   *Summer, Admr.* v. *Beebe,* 37 Vt. 562.

Does such reason exist in this case?   The defendant caused the cashier of the National Bank of Barre to write a letter to the oratrix, two days before the note was due, stating the defendant's desire to pay it, and requesting her to send the note and the mortgage to the bank, as the defendant had money there to pay them.   This letter, in due course of mail, would have reached the oratrix in the forenoon of the day the note became due, and we understand the facts reported to mean that she received it on that day.   In like manner, a letter mailed by her before five o'clock in the afternoon of the same day would have reached Barre in the afternoon of the day following.   The oratrix, claiming that the amount due should be sent to her in

Philadelphia, refused to forward the note and the mortgage as requested. Five days after the oratrix received the letter from the cashier, she caused her attorney in Philadelphia to write to the cashier stating that if the defendant would send to said attorney a certified check or draft for the amount of the mortgage, together with the accrued interest to date of payment, he would return the note and the mortgage discharged. On the third day of December following, the defendant, through said cashier, sent by registered mail to the oratrix a New York draft payable to her order for $3,090, which was then considered by both the oratrix and the defendant to be the amount due on the day the note matured, unless the defendant had made, by reason of semi-annual payments of interest, usurious payments, in which case the draft was in excess of the amount due at maturity. The draft was returned by the attorney for the oratrix because it did not include interest after the note became due and up to the time of payment. About a week later, she sent the note and the mortgage to an attorney in Barre for collection. Soon thereafter said attorney notified the defendant, also the cashier of the National Bank of Barre, that the note and the mortgage had been sent to him for collection, and requested payment of the principal and interest to date of payment, which was refused. On the day of maturity, there was money enough at the defendant's disposal in said bank to pay the note, with interest, and thenceforth to the time of the hearing before the master, sufficient money was there at his disposal for that purpose, except when the draft was in transit from Barre to the oratrix in Philadelphia and return, as before stated. The defendant was ready and willing, on the day the note became due, to pay it with interest at Barre and has ever since been there ready to make such payment, but has refused to pay interest for any period after the date of maturity. The oratrix has continuously refused to receive payment unless

the amount of interest accrued subsequent to the maturity of the note was included. In these circumstances, we think the defendant did all that was required of him by law to save a default. The oratrix was the legal cause of the non-payment, not only at the time appointed, but continuously thereafter, and it would be inequitable to allow her damages by way of interest for such non-payment due to her own fault.

*Decree reversed and cause remanded with mandate.*