## RUNKLE v. PULLIN.

[No. 7,543.  Filed March 12, 1912.]

1. PRINCIPAL AND SURETY.—*Payment by Surety.—Recovery.—Implied Contracts.—Complaint.*—A complaint by a surety alleging that he became defendant's surety on a certain note, that he was compelled to pay a certain balance thereon, that there is due to him from defendant because thereof a certain sum, for which he demands judgment, states a cause of action on the implied contract of the principal to repay; and the setting out of a copy of the note does not make it an action on such note.  p. 621.

2. PLEADING.—*Complaint.—Theory.*—The theory of a complaint is determined from its general scope, and not by fragmentary parts thereof.  p. 621.

3. LIMITATION OF ACTIONS.—*Nonresidents.—Foreign Statutes.— "Causes of Action Arising without this State."*—Where a surety residing in Indiana was compelled to pay, in this State, his principal's note executed and payable in this State, such principal at the time of such payment being a citizen of a sister state, a cause of action arose in this State in favor of such surety, and §299 Burns 1908, §297 R. S. 1881, providing that "when a cause of action has been fully barred by the laws of the place where the

defendant resided, such bar shall be the same defense here as though it had arisen in this State: provided, that the provisions of this section shall be construed to apply only to causes of action arising without this state," does not give the defendant the benefit of a defense based upon the statute of limitations of such sister State. pp. 622, 626.

4. PRINCIPAL AND SURETY.—*Payment by Surety.—Cause of Action.—When Arises.—*A cause of action arises in favor of a surety against his principal at the time he pays his principal's obligation. p. 625.

5. PRINCIPAL AND SURETY.—*Payment of Surety.—Rights of Action.—Lex Fori.—Remedies.—*Where a surety is compelled to pay his principal's debt, he may follow him into the state of the principal's residence, or he may sue him in this State provided he can obtain service upon him; and the remedy used, except as differently prescribed by statute, will be that of the place where the action is brought. p. 626.

6. APPEAL.—*Mandate.—Death.—*Where the appellant dies after submission and before an affirmance of the judgment, such affirmance will be made as of date of submission. p. 626.

From Whitley Circuit Court; *Luke H. Wrigley,* Judge.

Action by Luther W. Pullin against James M. Runkle. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Andrew A. Adams,* for appellant.
*E. K. Strong,* for appellee.

FELT, C. J.—Appellee brought this action to recover money which he had paid as surety for appellant on a certain promissory note. On the trial, the court made a special finding of facts, and stated as its conclusion thereon that appellee was entitled to recover from appellant the sum of $319.28.

Appellant relies for reversal on the following alleged errors: (1) Overruling appellant's demurrer to the complaint; (2) sustaining appellee's demurrer to the second paragraph of appellant's answer; (3) error of the court in its conclusion of law; (4) error of the court in overruling appellant's motion in arrest of judgment.

These assignments present two questions: (1) Does the

complaint state a cause of action? (2) Is appellant's plea of the statute of limitations of Nebraska a bar to appellee's cause of action? If the court did not err in respect to these questions, it is conceded that the conclusions of law are correct.

The complaint avers, in substance, that appellee, on May 30, 1881, became surety for appellant on a promissory note for $200, payable to the Lake City Bank, at Warsaw,

1. Indiana; that appellant made certain payments thereon, and on September 15, 1883, there was due on said note $103.20, which appellee, as such surety, was compelled to pay, and did on said date pay at Columbia City, Indiana; that appellant had previously left the State of Indiana and continuously remained out of the State until a few days previous to the commencement of this action; that there is due to appellee in principal and interest $320, and $100 attorneys' fees, for which appellee demands judgment and all proper relief. A copy of the note was made an exhibit with the complaint.

Fairly construed, we think the complaint states a cause of action for the recovery by the surety from the principal of the amount paid by him as such surety on the default of the principal. The complaint counts on the implied obligation of the principal to reimburse the surety for money necessarily paid by him as such surety, and not upon the note. The theory of a complaint is to be determined

2. by its general scope and tenor, and not by fragmentary statements or detached parts thereof. The note was not a necessary exhibit, but the nature of the action was not changed by the exhibit. *Merica* v. *Fort Wayne, etc., Traction Co.* (1912), *ante*, 288; *Monnett* v. *Turpie* (1892), 132 Ind. 482; §1276 Burns 1908, §1219 R. S. 1881. The demurrer was properly overruled. *Gieseke* v. *Johnson* (1888), 115 Ind. 308; *Kreider* v. *Isenbice* (1890), 123 Ind. 10; note to *Vermeule* v. *York Cliffs Improv. Co.* (1909), 134 Am. St. 553, 557.

Appellant's second paragraph of answer admits that on September 15, 1883, appellee paid $103.20 as surety for appellant; that appellant was at the time a nonresident of this State, and a resident of the State of Missouri, which he continued so to be until the year 1886, when he removed to and became a resident of Furnas county, Nebraska; that he has continued to be and is now a resident of Nebraska; that the statute of said State relating to the time of commencing civil actions, such as this one, requires the action to be brought within four years from the time the cause of action accrues (a copy of the statute is set out with the pleading); that said statute was enacted in 1867, and has been in force continuously since that date; that appellee's cause of action did not accrue within four years next preceding the bringing of this action.

The court found the facts substantially as averred in the complaint and in said second paragraph of answer; also that this action was commenced on September 6, 1909; that appellee was a resident of Indiana on May 30, 1881, and has been continuously since that time.

Section 299 Burns 1908, §297 R. S. 1881, provides that "the time during which the defendant is a nonresident of the State or absent on public business shall not be computed in any of the periods of limitation; but when a cause has been fully barred by the laws of the place where the defendant resided, such bar shall be the same defense here as though it had arisen in this State: Provided, that the provisions of this section shall be construed to apply only to causes of action arising without this State."

The right of appellant to the benefit of the Nebraska statute of limitation depends on the answer to the question, Where did the cause of action arise? If the cause of action arose in this State, he cannot receive any benefit from the Nebraska statute, for our statute clearly limits the benefits of such statute to "causes of action arising without this State." Where the cause of action arises in this State, the

nonresidence of the defendant, as shown in this case, deprives him of the benefit of the statute of limitations either of this State or the state of his residence, when the suit is brought in this State. *Morrison* v. *Kendall* (1893), 6 Ind. App. 212; *Wood* v. *Bissell* (1886), 108 Ind. 229; *Mechanics Bldg. Assn.* v. *Whitacre* (1884), 92 Ind. 547; *Balph* v. *Magaw* (1904), 33 Ind. App. 399; *Watson* v. *Lecklider* (1897), 147 Ind. 395, 401.

But these cases do not settle the question as to where the cause of action arose. The action is based on the implied obligation of the surety to reimburse his principal for money paid as such surety. This obligation did not arise until payment was made, which in this case was September 15, 1883. The note was both given and made payable in this State. All the parties to the transaction resided in Indiana, but appellant removed from the State and was a nonresident when appellee paid the balance due on the note, has continued to be, and was at the date of the trial, a nonresident. It is insisted that because of these facts the cause of action arose outside of this State, and appellant is entitled to the benefit of the statute of Nebraska. In other words, the place of the residence of the defendant determines where the cause of action arises.

It is not disputed that the payee of the note could have brought an action against the principal and surety in this State, and, if service of process had been obtained on appellant, could have taken a personal judgment against him, notwithstanding he was a nonresident. True, the action of the surety is not on the note, but appellant was not harmed by the payment by the surety and the consequent action by him on the implied contract, instead of an action by the payee or owner of the note on the original obligation. This reasoning does not settle the question at bar, but it does indicate that the equity of the case is with appellee, and that appellant should not be given the benefit of the foreign statute, unless the law clearly gives him such right.

Failing to find any Indiana case directly in point on the question as to where the cause of action arose, we have examined numerous decisions of courts outside this State.

In the case of *Durham* v. *Spence* (1870), L. R. 6 Ex. *46, in deciding where a cause of action arose, Justice Cleasby used the following language: ''Now the cause of action must have reference to some time as well as to some place; does then the consideration of the time when the cause of action arises, give us any assistance in determining the place where it arises? I think it does. The cause of action arises when that is not done which ought to have been done, or that is done which ought not to have been done. But the time when the cause of action arises, determines also the place where it arises; for when that occurs which is the cause of action, the place where it occurs is the place where the cause of action arises. I can not avoid the conclusion that a cause of action arises where that takes place which first makes a cause of action; the contract does not make a cause of action; but a cause of action does arise when and where the person who has entered into the contract does or omits to do that which gives a cause of action.'' This language was quoted and approved, as a rule to determine where a cause of action arose, in the case of *Shelby Steel-Tube Co.* v. *Burgess Gun Co.* (1896), 40 N. Y. Supp. 871. In that case a foreign corporation, doing business in Buffalo, New York, ordered by letter, from a corporation doing business in Ohio, certain merchandise to be shipped to the corporation at Buffalo. Upon default of payment suit was instituted in the New York court in pursuance of a statute which provided that one foreign corporation may sue another in New York ''where the cause of action arose within the state.'' The court held that the contract was made in Ohio, as the order was accepted there, but that the place where the contract was made did not necessarily control the question as to where the cause of action arose, and said:

"It will be seen that the thing to have been done which was not done was the payment of the contract price of the goods purchased at the expiration of the term of credit allowed. And it follows that this payment ought to have been made at the place where the term of credit expired, which, as we have seen, was the city of Buffalo. The cause of action, therefore, arose there, and the plaintiff, consequently, has brought its case within subdivision three of §1780 of the code of civil procedure." The same rule has been applied in other states. See *Hibernia Nat. Bank* v. *Lacombe* (1881), 84 N. Y. 367, 384, 38 Am. Rep. 518; *Bruner* v. *Martin* (1907), 76 Kan. 862, 93 Pac. 165, 14 L. R. A. (N. S.) 775, 788, 123 Am. St. 174, 14 Am. and Eng. Ann. Cas. 39; *Freundt* v. *Hahn* (1901), 24 Wash. 8, 63 Pac. 1107, 85 Am. St. 939.

The following authorities also tend to support this view, though upon other grounds: 19 Am. and Eng. Ency. Law (2d ed.) 233 (d); *National Bank of Oshkosh* v. *Davis* (1898), 100 Wis. 240, 75 N. W. 1005; *Hartley* v. *Crawford* (1882), 12 Neb. 471, 11 N. W. 729; *Jamieson* v. *Potts* (1910), 55 Or. 292, 105 Pac. 93, 25 L. R. A. (N. S.) 24; *Stanley* v. *Stanley* (1890), 47 Ohio St. 225, 24 N. E. 493, 8 L. R. A. 333, 21 Am. St. 806; *Wooley* v. *Yarnell* (1892), 142 Ill. 442, 32 N. E. 891; *Minneapolis Harvester Works* v. *Smith* (1893), 36 Neb. 616, 54 N. W. 973; *Holley* v. *Coffee* (1898), 123 Ala. 406, 26 South. 239.

The rule before announced seems to be both just and reasonable. The cause of action does not exist until that is done which gives a right to maintain a suit to enforce it. In this instance, the payment of the money by the surety was the act which gave him the cause of action against his principal. The necessity for such payment was occasioned by the default of appellant. Appellee paid after such default and after appellant had ceased to be a resident of Indiana. He did only what the law compelled him to do

at the time and place fixed by his obligation of surety-ship. The implied obligation which the law raised against appellant when appellee paid the note did not depend on, nor necessarily follow, his residence. So to hold would require us to place on the citizens of this State a burden our statutes do not require, and which justice forbids.

The obligation of appellant to reimburse appellee is a right, distinct and separate from its enforcement, which has only to do with the remedy. When the cause of action arose, appellee might have pursued appellant to the place of his residence and chosen his forum in that state, but he was not bound to do so. He had a clear legal right to bring his action in this State, and, if he secured service of process, to obtain judgment according to his proof under the law. The law of the forum governs the remedy except as modified by statute. *Eingartner* v. *Illinois Steel Co.* (1896), 94 Wis. 70, 68 N. W. 664, 34 L. R. A. 503, 59 Am. St. 859, 878; note to *Freundt* v. *Hahn* (1901), 85 Am. St. 939, 941. As the cause of action arose in this State, appellant is denied the benefit of the statute of his own state. The trial court did not err in its rulings.

It having been brought to our notice that appellant, James M. Runkle, has died since the submission of this cause, the judgment is affirmed as of the date of submission.

Adams, J., did not participate.