## VICK *v.* PARSONS AND SCOVILLE COMPANY.

[No. 10,889.   Filed May 12, 1921.]

LIMITATION OF ACTION.—*Nonresidents.*—*Running of Statute.*—In an employer's action against its salesman for an amount due, a complaint affirmatively showing that plaintiff's cause of action arose in this state, and that defendant had been continuously a resident of another state, is good as against demurrer on the ground that it affirmatively discloses that the cause of action was barred by the statute of limitations of this state.

From Vanderburgh Superior Court; *Robert J. Tracewell,* Judge.

Action by the Parsons and Scoville Company against W. Sherman Vick. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Edgar Durre,* for appellant.
*Joseph H. Iglehart,* for appellee.

NICHOLS, J.—Action by appellee against appellant for breach of a verbal contract.

The complaint in substance avers that appellee is now and at all times hereinafter mentioned has been located in Evansville, Indiana, and engaged in the wholesale grocery business, and at all of said times appellant has been and now is a resident of the State of Kentucky.

On or about the —— day of ——— 1907, appellee employed appellant to sell goods for appellee, the agreement being made in the office of appellee in Evansville, was that appellant should work for appellee and make collections from customers, and appellant should receive from appellee subject to deduction hereinafter referred to, as compensation for said work, a commission of forty per cent. on all gross profits to appellee on sales made subject to deduction of forty per cent. of all losses caused by failure of customers to accept and pay for goods so sold by appellant to them. That all settlements between appellee and appellant should be made

at appellee's office in the city of Evansville, Indiana. After said agreement was so made appellant entered upon his duties as such traveling salesman for appellee, and continued to perform such duties under said agreement until on or about March 25, 1911, on which date he resigned his said position and ceased to act as an employe of appellee, and refused to make settlement with appellee on the basis required by said contract, and there was due and owing from appellant to appellee the sum of $470 under the terms of said agreement, for which with interest judgment is prayed.

To this complaint the appellee demurred on the ground that the said complaint did not state facts sufficient to constitute a cause of action, with memorandum that said complaint affirmatively discloses the fact that said cause of action was barred by the statute of limitation of the State of Indiana.

The demurrer was by the court overruled, appellant then filed answer, which answer alleged in substance that at the time of the execution of the contract and at all times thereafter, appellant was a *bona fide* resident of the State of Kentucky, and said answer set up the statute of Kentucky, which fixes the limitation of an action in that state upon an account concerning the trade of merchandise between merchant and agent at five years after the same has accrued; and further alleged that said action was barred by the statute of both Indiana and Kentucky. Appellee filed a demurrer to the answer which demurrer was sustained. Appellant thereupon filed answer in general denial.

There was a trial and finding in favor of the appellee against appellant, and judgment thereon for $633.70.

Appellant filed his motion for a new trial on the grounds that (1) the decision of the court was not sustained by sufficient evidence, (2) the decision of the court was contrary to law. The motion was overruled.

The errors assigned are: (1) The court's action in overruling the appellant's demurrer to appellee's complaint; (2) in sustaining appellee's demurrer to appellant's answer; (3) in overruling the motion for a new trial.

It affirmatively appears by the complaint that appellee's cause of action arose in this state, and that appellant had been continuously a resident of the State of Kentucky. The complaint therefore states a cause of action as against appellant's demurrer thereto. *Runkle* v. *Pullin* (1912), 49 Ind. App. 619, 97 N. E. 956, and authorities are cited. For the same reason, and by the same authority, appellant's answer is bad. *Sinclair* v. *Gunzenhauser* (1912), 179 Ind. 78, 100 N. E. 376, 98 N. E. 37, cited by appellant, is not in point, for the contract there involved arose out of the state.

The only other question is as to the sufficiency of the evidence. There is evidence to support the decision of the trial court, and this court will not weigh the evidence. The judgment is affirmed.