## HOBBS v. LUDLOW ET AL.

[No. 25,576. Filed March 13, 1928. Mandate modified April 5, 1928.]

1. ACTION.—*Matters as to which the law of the forum governs.*—The *lex fori* governs in respect to matters concerning the remedy to be pursued, including the bringing of actions, the limitations thereof; it also governs as to the exceptions from the bar of the statute of limitations. p. 734.

2. LIMITATION OF ACTIONS.—*Limitation of actions on promissory notes where the cause of action arose in another state.*—The Indiana limitation of actions on promissory notes is ten years after the cause of action accrued (§302 Burns 1926), but another section provides that, as to causes of action arising out of this state, if they were barred in the state where the defendant resided, the same defense could be made here (§306 Burns 1926). p. 734.

3. BILLS.AND NOTES.—*Place of payment of notes when not expressed therein.*—Where no place of date or payment is expressed in a promissory note, it is presumed to be payable at the place of the date, or at the place of execution or at the place of business or residence of the maker, and not at the residence of the payee, and may not shift from state to state. p. 736.

4. LIMITATION OF ACTIONS.—*Bar of statute of another state, when may be pleaded to action on note in Indiana.*—Where the cause of action on a promissory note arose in another state where the maker resided and continued to reside until action thereon was barred by the statute of limitations of that state, the bar of the statute could be pleaded as a defense to an action thereon in this state under the provisions of §306 Burns 1926. p. 737.

From Rush Circuit Court; *Will M. Sparks,* Judge.

Action by Samuel Ludlow and another against Archie E. Hobbs. From a judgment for plaintiffs, the defendant appeals. (Transferred from Appellate Court under cl. 2, §1357 Burns 1926.) *Reversed.*

*William J. Henley, Sr.* and *William L: Moore,* for appellant.

*Florae, Broaddus & Clifton,* for appellees.

MARTIN, J.—Appellees on July 19, 1924, filed this action against appellant, a nonresident of Indiana, on a promissory note which became due October 29, 1917. The copy of the note, set out as an exhibit to the com-

plaint, is dated October 29, 1915, but no place of date nor place of payment is named therein.

Appellant, by answer in two paragraphs, alleged that both he and appellee Ludlow (the payee) were, at the time of the execution of the note, residents of the State of Alabama; that the note was executed and delivered in Alabama; that he (appellant) is now and has been continuously a resident of that state; that he was served with summons in this action while temporarily within the State of Indiana attending a funeral; that the cause of action did not accrue within six years prior to the commencement of this action and that it is therefore barred by the Alabama statute, §8944 Ala. Code 1923, copy of which duly certified and exemplified is attached to the answer.

The court sustained appellees' demurrer to these paragraphs of answer, appellant refused to plead further and judgment was rendered against him. The ruling on the demurrer is assigned as error.

1. The *lex fori* governs in respect to matters concerning the remedy to be pursued, including the bringing of suits, etc., *Garrigue* v. *Kellar* (1905), 164 Ind. 676, 680, and in respect to the limitation of actions, 12 C. J. 485; *Runkle* v. *Pullin* (1912), 49 Ind. App. 619, 97 N. E. 956, as well in the matter of exceptions from the bar fixed by the statute, as in the matter of the actual bar itself, 37 C. J. 729; *Graham* v. *Englemann* (1920), 263 Fed. 166, 167.

2. The Indiana statute concerning the limitation of actions, Acts 1881, ch. 38, §37, §302 Burns 1926, requires that actions upon promissory notes shall be commenced within ten years after the cause of action has accrued and not afterwards, but §43, ch. 38, acts of 1881, §306 Burns 1926 provides an exception from the bar as follows:

"When a cause has been fully barred by the laws of the place where the defendant resided, such bar shall be the same here, as though it had arisen in this state,: Provided that the provisions of this section [clause] shall be construed to apply only to causes of action arising without this state."

The question for decision here is whether the pleadings before the trial court present all the facts necessary to bring this case within §306 Burns 1926, *supra*, especially do they present the fact that the cause of action arose without the State of Indiana. Appellee contends that this fact is not alleged and that the cause of action arose in Indiana, at the residence of the payee, citing *Young* v. *Baker* (1902), 29 Ind. App. 130, 133; *Runkle* v. *Pullin, supra*, and *Gale* v. *Corey* (1887), 112 Ind. 39, 45. These cases do not support appellees' contention [1] nor the judgment of the trial court, to sustain which we are

---

[1] In *Runkle* v. *Pullin, supra*, the cause of action arose, not by reason of a note's maturity, but by reason of an indorser having to make payment as such surety.

In *Gale* v. *Corey, supra*, it was said: "it is the duty of all who have matured outstanding notes, in which no specific place of payment is appointed, to seek out the persons entitled to receive payment and discharge their debts, without waiting until those entitled have established their right," citing *King* v. *Finch* (1878), 60 Ind. 420, and in *Young* v. *Baker, supra*, it was said: "The notes, when executed, were not payable at a bank in Indiana; they were payable generally; and it was the duty of the makers to seek them and pay them when due to the holders," citing *King* v. *Finch, supra*, and *Gale* v. *Corey, supra*.

The case of *King* v. *Finch, supra*, on which both of the foregoing cases rely for authority, expressly limits its holding to cases where the creditor *is within the state*: "It is the duty of a debtor, who owes money, to seek his creditor and pay his debt, wherever the creditor may be found in this state, *Little* v. *Nichols's Admrs.*, (1806), 1 Hardin (Ky.) 66." Under the common law of England, when a contract for the payment of money contains no specified place of payment the debtor must seek out the creditor and pay him, but this rule always had its limitation that if the creditor be out of the realm of England, the debtor was not bound to seek him out or go out of the realm to tender the money, and in this country a debtor is not obliged to go into another state to tender money on such a contract, *Gage* v. *McSweeney* (1902), 74 Vt. 370, 373, 374, see also *Little* v. *Nichols's Admrs., supra*.

Furthermore, the cases relied upon by appellee, and quoted from above, refer to the duty of makers to make payment of matured obligations and not to the question of the place where such obligations become payable.

practically asked to read into the complaint an allegation that appellant removed from Alabama before the note became due and are asked to hold that where no place of payment is expressed in commercial paper it is payable at the residence of the payee.

Where no place of payment is expressed in a note it is presumed to be payable at the place of date, *Tillotson* v. *Tillotson* (1867), 34 Conn. 335, 337; *Bigelow* v. *Burnham* (1891), 83 Iowa 120; 8 C. J. 1012; or at the place of execution, *Blodgett* v. *Durgin* (1859), 32 Vt. 361; or at the place of business or residence of the maker, *Gage* v. *McSweeney* (1902), 74 Vt. 370; *McCruden* v. *Jonas* (1896), 173 Pa. St. 507, 51 Am. St. 774; *Baily* v. *Birkhofer* (1904), 123 Iowa 59, 98 N. W. 594; *Oxnard* v. *Varnum* (1885), 111 Pa. St. 193; 3 R. C. L. 911. While there is a conflict in the cases on this point which is considered in a foot note,[2] we have found no authority holding that the place of payment

2 PAYABLE WHERE DATED. *Overland Mining Co.* v. *McMaster* (1899), 19 Utah 177, 184; *Backhouse* v. *Selden* (1877), 29 Gratt. (Va.) 581; *Jones* v. *Ryder* (1881), 60 N. H. 452; *Bullard* v. *Thompson* (1871), 35 Texas 313; *Ricketts* v. *Pendleton* (1859), 14 Md. 320, 330.

PAYABLE WHERE MADE OR DATED. §880, 1 Daniel, Negotiable Instruments (6ed.); *Dunn* v. *Clement* (1841), 2 Ala. 392.

PAYABLE WHERE DATED, NOT WHERE MADE. II Parsons contracts (8ed.) 700; *Tillotson* v. *Tillotson, supra.*

PAYABLE AT PLACE PARTIES CONTEMPLATE IT IS TO BE PERFORMED. *Thompson* v. *Ketcham* (1809), 4 Johns (N. Y.) 285.

PAYABLE WHERE MADE OR EXECUTED, NOT WHERE DATED. Story, Conflict of Laws §317; *Blodgett* v. *Durgin, supra;* *Wilson* v. *Lazier* (1854), 11 Gratt (Va.) 477; 2 Am. & Eng. Ency. of Law 328, citing *Taylor* v. *Snyder* (1846), 3 Denio (N. Y.) 145; *Pierce* v. *Whitney* (1848), 29 Me. 188; and *Orcutt* v. *Hough* (1874), 54 N. H. 472.

PAYABLE WHERE DELIVERED. *Barrett* v. *Dodge* (1890), 16 R. I. 740, 27 Am. St. 777.

PAYABLE WHERE DATED, AT MAKER'S RESIDENCE AND NOT WHERE MADE. *Bigelow* v. *Burnham* (1891), 83 Iowa 120. In this case the court arrives at its conclusion by reasoning that since the date is to show the date and place of execution, and since the place of execution is usually the place of residence or place of business of the maker, that a presumption arises that a note is payable at the place indicated by the date as the place of execution. This reasoning may explain to some extent the conflict in the cases. The weight of authority, numerically at least, favors the rule next stated.

of such a note is the residence of the payee and that the place of payment may shift with such residence from state to state.

It follows that the facts alleged in the complaint and answer show that the cause of action arose in Alabama more than six years before this suit was brought;

4. and that since the appellant resided in Alabama until the cause of action was barred by its laws, he cannot be held liable in this state on such an action, *Sinclair* v. *Gunzenhauser* (1912), 179 Ind. 78, 128, 98 N. E. 37; *Morrison* v. *Kendall* (1893), 6 Ind. App. 212, 33 N. E. 370; §306 Burns 1926, *supra*.

The death of appellee Ludlow since the submission of this cause being shown to the court, the judgment is reversed as of the date of submission, with directions to the trial court to overrule appellee's demurrer to appellant's paragraphs of answer.

2. DIVORCE.—*Statute authorizing allowance of suit money construed to preclude such allowances after final judgment.*—The divorce statute provides that, "pending a petition for divorce," the court may make such orders as to suit money as will insure to the wife an efficient preparation of her case and a fair and impartial trial thereof (§1109

---

PAYABLE AT MAKER'S RESIDENCE OR PLACE OF BUSINESS. See authorities cited in text of opinion, and also 2 Am. & Eng. Ency. of Law 328; I Daniel, Negotiable Instruments (6th ed.) 90; Story, Notes §49; *Christopherson* v. *Common Council* (1898), 117 Mich. 125, 75 N. W. 445; *Bardsley* v. *Washington Mills Co.* (1909), 54 Wash. 333, 103 Pac. 822, 132 Am. St. 1133; *Cox* v. *National Bank* (1879), 100 U. S. 704, 712, 25 L. Ed. 739.

PAYABLE AT MAKER'S RESIDENCE, REGARDLESS OF NOTATION OF PAYEE'S ADDRESS. *Strawberry Point Bank* v. *Lee* (1898), 117 Mich. 122.