No. 9711.

JONES ET AL. *v.* DETCHON ET AL.

JUDGMENT. — *Lien on Decedent's Lands.— Statutes Construed.—Death, Presumption of.—*J. obtained a judgment against R., which became a lien on the lands of the latter on the 18th of March, 1868. In November, 1867, R. disappeared and was not afterwards heard of, but no administrator of his estate was appointed until November, 1879, and after that a suit was begun, under section 621, R. S. 1881, to enforce the lien of the judgment against lands of which R. was seized when the judgment was rendered.

*Held,* that the lien, as given by section 608, R. S. 1881, was lost by delay.

*Held,* also, that the death of R., presumed to have occurred in November, 1872, R. S. 1881, section 2232, did not restrain proceedings to enforce the lien until after his administrator was actually appointed in 1879, but only until an administrator might have been appointed at the instance of the judgment creditor as provided by section 2227.

From the Montgomery Circuit Court.

*G. W. Paul, J. E. Humphries* and *R. Jones,* for appellant.
*G. D. Hurley, B. Crane* and *E. C. Snyder,* for appellees.

ZOLLARS, J.—Verified complaint by appellants, as the administrators of the estate of Stephen Jones, deceased, against the widow and son of John Ray, deceased, his administrator, and purchasers of land from the son, asking that a certain judgment in favor of Jones, deceased, be declared a lien upon and enforced against the land owned by Ray at the time the judgment was rendered, and at his death.

The complaint contains a detailed statement of a litigation between Jones and Ray, in which Jones recovered a judgment in the Montgomery Circuit Court on the 18th day of March, 1868.

From the view we take of the case it will not be necessary for us to decide the disputed question between counsel, whether that judgment was *in personam* or *in rem.* If *in personam* it was a lien upon the real estate of Ray. For the purpose of this opinion, we treat the judgment as *in personam.*

Demurrers were sustained to the complaint. The errors

assigned in this court call in question the sufficiency of the complaint, and that is the only question before us for decision. This proceeding was instituted and terminated in the court below under the code of 1852. Section 527 of that code, 2 R. S. 1876, p. 233, which is the same as section 608, R. S. 1881, provided that all final judgments in the circuit courts, etc., should be a lien upon real estate, etc., for the space of ten years after the rendition thereof, and no longer, exclusive of the time during which the party might be restrained from proceeding thereon by the death, etc., of the defendant, etc.

Section 642 of that code, which is the same as section 621, R. S. 1881, provided that in case of the death of any judgment debtor, the heirs, devisees, etc., or the tenant of the real property owned by him, and affected by the judgment, and the personal representatives of the decedent might, after the expiration of one year from the time of granting letters of administration upon the estate of the decedent, be summoned to show cause why the judgment should not be enforced against the estate of the judgment debtor in their hands respectively.

It is averred in the complaint, among other things, that in November, 1867, John Ray, the judgment defendant, went to Chicago on business and has not been heard of since; that on the 25th day of December, 1867, this proceeding was commenced, a summons issued and returned as served by copy left at his last and usual place of residence; that proper affidavits were filed and property attached, and notice also given by publication; that in October, 1878, appellants were appointed administrators of the estate of Stephen Jones; that at the November term, 1879, of the Montgomery Circuit Court, one of the appellees was appointed administrator of the estate of John Ray, and that there was no personal property belonging to the estate of Ray. It will be observed that the ten years during which the judgment remained a lien upon the lands of Ray, if a personal judgment, expired on the 18th day of March, 1878, unless the judgment plaintiff was restrained from

proceeding on the judgment by the death of Ray, and by such restraint the lien was extended. *Applegate* v. *Edwards*, 45 Ind. 329; *Crans* v. *Board, etc.*, 87 Ind. 162.

The theory of the complaint seems to be that, by the absence of Ray he is presumed to have been dead since November, 1872, and that by his death the judgment creditor was restrained from proceeding on the judgment until one year after the appointment of Ray's administrator, viz., December 18th, 1880; and that hence the time from Ray's death to December 18th, 1880, should not be reckoned as a part of the ten years during which the judgment remained a lien; in other words, that that time should be added to the ten years. If that theory be the correct one, the judgment was a lien upon the lands when this proceeding was instituted, and still is.

We can not give our assent to such a construction of the sections of the statute.

For the purpose of preserving his estate and paying his debts, the law presumed the death of Ray after November, 1872, he having been absent and unheard of for five years prior thereto. 2 R. S. 1876, p. 493; R. S. 1881, sec. 2232. At that time an administrator might have been appointed to settle up his estate and pay his debts. *Baugh* v. *Boles*, 66 Ind. 376.

If it be conceded that death, thus presumed under the act of 1859, comes within the meaning of the term as used in section 527 of the code of 1852, then the judgment plaintiff was restrained from proceeding on his judgment, by the expiration of such time, as created the presumption of Ray's death, viz., November, 1872. How long was he thus restrained? Was it until one year after such time as others might procure the appointment of an administrator for the estate of Ray, be that ten years or until the expiration of twenty years from the rendition of the judgment?

The word restrained, as used in section 527, *supra*, does not mean a voluntary delay. The signification of the word is, to be hindered and prevented. It would not be a reasonable con-

struction of these statutes to say that the judgment plaintiff may voluntarily delay all efforts to enforce his judgment lien until the heirs, or others interested in the estate of the decedent, may procure the appointment of an administrator, and thus extend the lien upon the lands of the decedent. There may be no other claim against the estate. Those interested in the estate may regard such judgment as having been paid, and think there is no need of administration. Their delay for these or other causes in procuring the appointment of an administrator can not, in a legal sense, be said to restrain the judgment creditor from proceeding on his judgment. When he has power to act he is not restrained. The law provides that, after fifteen days from the death of the intestate, letters of administration may be granted, first to the widow, second to the next of kin, third to the largest creditor, and if no person thus entitled to administer shall apply within thirty days after the death of the intestate, the clerk or court shall appoint a competent inhabitant of the county to whom letters shall issue. 2 R. S. 1876, p. 492; Acts 1879, p. 121; section 2227, R. S. 1881; *Baugh* v. *Boles, supra.*

Clearly, the judgment creditor in this case, or his representative, had the right to be appointed administrator of Ray's estate after the presumption of his death obtained, or to have some other person appointed.

In the meaning of the law, as we think, he was restrained from proceeding on his judgment by the death of Ray no longer than such time as he might have been appointed, or have had some one else appointed, an administrator, and for one year subsequent thereto. He might voluntarily delay, of course, but that would not extend the lien of his judgment; it would be a delay without restraint.

It follows from what we have said that the demurrers to the complaint were properly sustained, because, when this proceeding was commenced, more than ten years had expired since the rendition of the judgment, exclusive of the time during

which the judgment creditor was restrained from proceeding thereon.

The complaint being insufficient for this reason, it will not be necessary for us to notice other objections urged against it.

We are not called upon to decide, and do not decide anything in relation to the right to file the judgment as a claim against Ray's estate, nor what the rule would be, if the judgment had been declared a lien upon specific property.

The judgment is affirmed, with costs.

Filed Oct. 30, 1883.