## 24325. FICKLING v. POLLARD, receiver.

DECIDED APRIL 3, 1935.

*A. L. Alexander,* for plaintiff.   *A. R. Lawton Jr.,* for defendant.

JENKINS, P. J.   Regulations of a railroad company, effective since 1917, provided that "Any male employee who shall have been in continuous service for not less than twenty-five years . . and who, in the opinion of the board of pensions, shall have become unfit for duty, may be retired and pensioned by the board of pensions.   Authorized pension allowances will be paid monthly during the life of the beneficiary, but may be at any time suspended, terminated, or wholly annulled by the board of pensions for any cause which it shall deem satisfactory.   Whenever it shall be satisfied that any person on the roll shall have been guilty of conduct which in its opinion amounts to gross misconduct, the allowance of such person shall be either suspended or wholly annulled as the board of pensions in its discretion may determine.   A retired employee receiving pension allowance may, with the approval of the board of pensions, engage in other business which in its opinion is not prejudicial to the interest of the railway company.   Engaging in other business without such approval shall constitute good cause for the termination and annulment of all pension allowances.   No retired employee receiving pension allowances shall re-enter the service of the company except for purely temporary service in an emergency, and then only with the consent of the board of pensions.   Neither the action of the board of directors in establishing a pension system nor any other action now or hereafter taken by the board of directors, or board of pensions, or others, in the inauguration, operation, or administration of the pension department shall give to any employee . . a right to any pension allowance whatever. . . The company expressly reserves the right to deny pension allowance to any employee, and to suspend, terminate, or permanently discontinue any allowance already made."   These regulations constituted no basis for a right of action against the company by an employee, upon an alleged implied contract created by his acceptance of the regulations in 1917, the payment to him of disability pension installments thereunder from November, 1930, and the discontinuance of such payments after February 1, 1933.   The regulations amounted to no more than a gratuitous arrangement by the company for the payment, at its option, of pensions to old employees.   Any such mere gift, by plain and unambiguous language which is not susceptible of construction in favor of the

employee, was "expressly" made subject to denial, suspension, or permanent discontinuance by the company at any time. The company having gone into the hands of a receiver, and the receiver having seen fit to discontinue the pension of the plaintiff, such action did not render him liable in a suit for breach of contract, and the court did not err in dismissing the petition on general demurrer. See *Gabrell* v. *Grand Lodge Brotherhood of Ry. Trainmen*, 50 *Ga. App.* 323 (177 S. E. 918) ; McNevin *v.* Solvay Process Co., 32 App. Div. 610 (53 N. Y. Supp. 98). Cases relied upon by the employee are distinguished from the instant case by differences in the regulations or other alleged contractual provisions, or by the fact that the employees themselves, as was not done here, contributed to the pension fund.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*