## TEXAS & N. O. R. CO. v. JONES et al.
### No. 3523.

Court of Civil Appeals of Texas. El Paso.
April 1, 1937.

Rehearing Denied April 22, 1937.

Baker, Botts, Andrews & Wharton, of Houston, and Brooks, Napier, Brown & Matthews (formerly Templeton, Brooks, Napier & Brown), and W. F. Nowlin, all of San Antonio, for appellant.

James F. Boyls, of San Antonio, for appellee.

HIGGINS, Justice (after stating the case as above).

The pension system of the S. A. & A. P. Ry. Co. applied only to employees who had attained a certain age and had been in the service of the company for twenty years. Appellant asserts there is no evidence Scherle had served that length of time, or that the G. H. & S. A. or appellant had assumed the payment of the pension awarded Scherle by the S. A. & A. P. Ry. Co.

The records of the pension board show Scherle was awarded a pension which was approved by the first vice president as heretofore stated. It was therefore shown Scherle was eligible for a pension which by necessary implication showed he had been in the service of the company for more than 20 years.

The documentary evidence in the case shows the G. H. & S. A. Ry. Co. first, and the T. & N. O. R. R. later, assumed the operating liabilities of the S. A. & A. P. Ry. Co., and that pension payments were regarded and treated as operating expenses. The action of the G. H. & S. A. and T. & N. O. in making payments to Scherle and treating same as operating expenses shows those companies regarded themselves liable therefor under their contractual assumptions.

Appellant asserts Scherle had no enforceable demand because the pension system of the S. A. & A. P. Ry. Co. was a voluntary gratuitous undertaking on the part of said company to which Scherle made no contribution whatever.

Upon this phase of the case the learned trial court held:

"First: That the benefits offered by the S. A. & A. P. Ry. Co. to its employees under its pension system, did not in itself create a binding contract between the company and its employees, but was more in the nature of an offer of a reward, or additional compensation to its employees or to such of them who would render the service to the company as required by it, but that after the service had been rendered by such employees as required for them to be entitled to said reward or additional compensation, and the award of such pension had been made by its Board of Pensions and duly approved by its

First Vice-President and entered of record in the minutes of said Board, that said award, together with the pension system, then became a binding contract between said railway company and such employee who had been awarded a pension, extending during the life of the pensioner.

"Second: That the offer made under said pension system was an inducement to the company's employees to remain in its service and render to it the long continued faithful service, giving their entire time to its service, as required, in order to reap the benefits offered under said pension system, and that the rendering of the long continued faithful service of its employees as required by it, was a benefit to the railroad company, and that the offer and acceptance by performance constituted a mutual consideration."

We adopt this conclusion of the learned trial court. The authorities support the same. Zwolanek v. Baker Mfg. Co., 150 Wis. 517, 137 N.W. 769, 44 L.R.A.(N.S.) 1214, Ann.Cas.1914A, 793; George A. Fuller Co. v. Brown (C.C.A.) 15 F.(2d) 672; Umatilla County v. Estes, 105 Or. 248, 208 P. 761; Wellington v. Curran Printing Co., 216 Mo.App. 358, 268 S.W. 396.

The only case cited by appellant in this connection is Fickling v. Pollard, 51 Ga. App. 54, 179 S.E. 582, 583, but in that case the pension system provided: "The company expressly reserves the right to deny pension allowance to any employee, and to suspend, terminate, or permanently discontinue any allowance already made."

In that case the employer reserved the absolute and unconditional right to discontinue pension allowances theretofore made. Under the tenth section of the system of the S. A. & A. P., a pension when allowed was payable for life, subject to cancellation only by the company for gross misconduct on the part of the employee.

■ In this case the order of April 25, 1932, shows the board undertook to discontinue payments to Scherle simply because he had been adjudged insane and committed to a state institution to which the company contributed substantially through taxation. The reason assigned in the order was not a tenable one.

■ Another proposition asserts the state courts have no jurisdiction of this cause of action; that the United States District Courts have exclusive jurisdiction thereof. No authority in support of this is cited. It is without merit.

■ Complaint is made of the allowance of interest upon the unpaid monthly installments maturing between November 7, 1930, when Scherle was adjudged insane, and November 7, 1934, when the guardian of his estate was appointed. Appellant's position is that during the period stated there was no one to whom it could make valid payment, wherefore such interest could not be properly adjudged against it. The record shows wrongful repudiation by appellant of its obligation and refusal to pay even after the appointment and qualification of the guardian. To enforce its obligation this suit was necessary.

Appellant could have called the situation to the attention of the county judge, whose duty it would have been to appoint a receiver to whom appellant could lawfully have made payments until a guardian could have been regularly appointed. Article 4129, R.S.

The point made is without merit. In this connection we quote:

"In view of statutes which authorize probate courts to issue letters of administration to any competent inhabitant of the county after a limited time, or in cases of delay, to summarily, upon application, issue special letters, one who is indebted to an estate can suffer no substantial restraint from paying his debt, if he wishes to exercise his rights. If delay results, it must be on account of the nonaction or neglect of the debtor to avail himself of the opportunities which the law affords; and for delay so occasioned a debtor may not avoid the payment of interest which is allowable by a positive statute. If the appellee had doubts concerning the indebtedness of Mrs. Guild's estate, or whether he could safely pay his debt to the heirs, or if there was a question concerning who was legally entitled to receive payment as heirs, or if some of those entitled were minors, the appointment of an administrator, which he could have secured without cost or difficulty, would have solved all the doubts, and removed all possible embarrassment. Having the power to act, he was not restrained. Supineness is not legal restraint. The case is controlled in principle by the ruling in Jones v. Detchon, 91 Ind. 154.

"It was the duty of the appellee, as it is the duty of all who have matured, outstanding notes, in which no specific place of payment is appointed, to seek out the persons entitled to receive payment, and discharge his debt without waiting until those entitled establish their right. King v. Finch, 60 Ind. 420.` Having elected to wait until those entitled brought him into court, it must be held that he did so upon the condition that he pay interest as the statute provides."

Gale v. Corey, 112 Ind. 39, 13 N.E. 108, 110, 14 N.E. 362.

■ Another proposition relates to the award of one-half of the recovery to the plaintiff's attorney. In substance the proposition is that the attorney's fee is a claim against the estate of the deceased, wherefore the district court was without jurisdiction to award such recovery because the county court has exclusive jurisdiction in the matter of claims against the estate of the deceased. This proposition would be sound if the right of the attorney was merely a claim against the estate, but such is not the case.

On November 15, 1934, the guardian demanded payment, which was refused by appellant. July 31, 1935, the guardian in writing entered into a contract with Mr. Boyls whereby the latter was employed as an attorney to prosecute the claim, and for his services the guardian assigned to Boyls one-half of the claim. The contract recites the estate was without funds to pay an attorney or the expense of the litigation. The contract provides the estate should not be liable for any attorney's fee or other expenses except the court costs.

August 16, 1935, the county court approved the contract and authorized this suit. The findings incorporated in the order of approval show the estate was without funds to pay counsel or expenses of the litigation. Upon trial the plaintiff in open court admitted the contract had been fully complied with by the attorney.

Upon the facts stated the contract was valid and vested in the attorney title to one-half of the claim sued upon. Wren v. Harris, 78 Tex. 349, 14 S.W. 696; Hall v. Reese's Heirs, 24 Tex.Civ.App. 221, 58 S.W. 974; Ellis v. Stone, 4 Tex. Civ.App. 157, 23 S.W. 405; Halbert v. DeBode (Tex.Civ.App.) 28 S.W. 58; Logan v. Robertson (Tex.Civ.App.) 83 S. W. 395.

Appellant's proposition is based upon the erroneous assumption the attorney has a mere claim against the estate for his fee. The attorney owned one-half of the chose in action, and the court properly awarded judgment therefor in his favor.

Affirmed.