William S. HATTEN

v.

Robert E. WORDEN

and

Clifford Risberg, Individually and as partners doing business under the name and style of Worden & Risberg, a partnership, and Clifford W. Risberg, and George W. McKeag and Mabel J. Bernstein, Individually and as the Administrative Committee of the Worden & Risberg Profit Sharing Plan and Fidelity-Philadelphia Trust Company and George K. Mateyo.

Civ. A. No. 37131.

United States District Court
E. D. Pennsylvania.

Dec. 3, 1965.

Henry T. Reath, Philadelphia, Pa., for plaintiff.

George O. Philips, Philadelphia, Pa., James R. Ledwith, Philadelphia, Pa., for Fidelity-Philadelphia Trust Co.

WOOD, District Judge.

This is an action by plaintiff against his former employer, the trustee [1] of the company profit-sharing plan, the members of the administrative committee controlling the administration of the plan and the other beneficiaries of the trust. Plaintiff specifically demands judgment against the defendants in the amount of $17,722.13 plus an undetermined amount accrued during the year in which he resigned from the firm or in the alternative a decree ordering the administrative committee to direct the trustee to pay over to plaintiff the amount allegedly due and a decree ordering the trustee to pay such funds.[2]

Defendants moved to dismiss the action for failure to state a claim over which the court has subject matter jurisdiction and for failure to state a claim upon which relief can be granted by a judgment in personam.

The plan is a non-contributory profit-sharing plan voluntarily established by a management consultant firm for the exclusive benefit of its employees qualifying under the plan. For each taxable year the partnership has agreed to set aside and pay to the trustee a certain percentage of its profits, the contributions not to exceed the maximum amount allowable as a business deduction under the Internal Revenue Code. The fund is held by a trustee and administered by a committee of three members to hold office during the pleasure of the partnership.

Under the plan, each participant who was such for at least a full calendar year ending on the anniversary date was entitled as a contribution on his behalf to one share for each $100.00 or major fraction thereof of annual base compensation received in the completed twelve months' period ending with the anniversary date. The value of the unit multiplied by the number of units constitutes the amount contributed to the plan by the firm for the benefit of each participant.

The partnership was not obligated to continue the plan but could discontinue at the end of any year upon written notice to the committee and to the trustee. It could amend the plan so long as

1. By stipulation of counsel, the amended complaint was further amended so as to eliminate therefrom any demand for a personal judgment against the trustee.

2. Plaintiff also demands judgment for accrued vacation pay which is not in issue in these motions.

no amendment vested in the partnership any interest in or control over any of the trust property or deprived any participant without his written consent of any vested interest already accrued. The trust itself was irrevocable and no part of the funds therein could be withdrawn for the benefit of anyone but the employees.

## I

Defendants contend that plaintiff has no cause of action at all since the plan does not constitute a contract. Apparently, they argue that although the firm has divested itself of the money in the trust, the plaintiff cannot force the administrative committee to direct the trustee to turn over funds to him since the payments made were mere gratuities over which the administrative committee has absolute power.

■ Because of the exigencies of the Internal Revenue Code, the modern day methods of compensation and the language of the profit-sharing plan itself, we must view the interest of the plaintiff in the trust fund as a contractual one. The plan is an offer to pay the employee his interest or that share of it to which he is entitled which is accepted by the employee once he satisfies the service requirements. Siegel v. First Pennsylvania Banking and Trust Co., 201 F.Supp. 664 (E.D.Pa.1961); Scoville v. Surface Transit, Inc., 39 Misc.2d 991, 242 N.Y.S.2d 319 (1963). The plan recites on page 5 the percentage of the employee's balance in his account which he is entitled to after the completion of the requisite years in accordance with the schedule. Moreover, at trial, plaintiff may very well be able to prove substantial reliance on the employer's promise to pay him his interest in the fund upon termination of employment, under Section 90 of the Restatement of Contracts. The plan itself refers several times to the vested interests of the employee and the lack of any interest in the employer. And it is well known that an employer's method of compensating and trying to retain his employees is not through a weekly pay check. Of course, plaintiff must still prove he qualifies to receive benefits under the plan and that he has not forfeited his interest.

## II

Assuming that plaintiff can secure some type of judicial review, defendants argue that plaintiff fails to state a claim on which relief can be granted because he does not allege that the actions of the administrative committee were fraudulent or arbitrary and comprised wilful misconduct. Plaintiff in fact merely avers that the failure to pay him the benefits accrued was "wrongful."

■ The Supreme Court has described the proper function of the pleadings:

"* * * the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47–48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957).

"Wrongfully" certainly conveys fair notice of what the plaintiff's claim is and the ground upon which it rests. The objective of the Rules is to provide flexibility. We do not decide just what standard of review a court can exercise or what burden of proof plaintiff has, but only that defendants are certainly aware of plaintiff's claim and what he must prove.

## III

Defendants next argue that a judgment in personam cannot be entered against any of them and ask for dismissal under Rule 12(b) (6). If the defendants had to pay over to plaintiff the amount which he seeks, they could not

recover this money from the trust fund and this is primarily where plaintiff must look for recovery.

■ Although plaintiff must look to the trust fund, any number of fact situations may be proved wherein defendants could be held personally liable if there were no trust fund available. Moreover, the committee members must remain in the case if plaintiff eventually proves his allegations so that they can be ordered to direct trustee to pay over the money to plaintiff to which he is entitled. Since the partnership can dissolve the committee at any time, it is clear that they also must remain in the case. The defendant who is merely a participant, as Hatten was, should remain in the case to protect his interest and those of his fellow participants since the money which Hatten did not receive was purportedly distributed among the accounts of the remaining participants.

## IV

■ We agree with the defendants' final contention that plaintiff's claim as to an undetermined amount of credit for the part of the year in which he ended his employment relation should be dismissed. According to the plan, a participant was entitled to a contribution on his behalf only if he was employed on the anniversary date of the plan. It is clear in this case that plaintiff was not so employed. Therefore, under any theory, plaintiff was not entitled to a share of the contributions made to the fund after the year 1964.

Any remaining arguments as to the language of the plan were well considered by Judge Joseph S. Lord, III, in the Siegel case writing on a plan which was almost exactly similar to this plan. While Judge Lord conceded that a plan might be adopted which would be no more than a gratuity and under which a participant would have no judicial rights, he was not referring to such a plan as exists in this case. Cf. Fickling v. Pollard, 51 Ga.App. 54, 179 S.E. 582 (1935).

## ORDER

And now, this 3rd day of December, 1965, defendants' motions to dismiss are denied with the exception that the motions to dismiss as to the claim for the year 1964 are granted.