**Mark FRANK, Plaintiff,**

v.

**Dr. James MRACEK et al., Defendants.**

**Civ. A. No. 3855–N.**

United States District Court,
M. D. Alabama, N. D.

Jan. 15, 1973.

Supplemental Opinion Jan. 22, 1973.

As Amended Feb. 27, 1973.

Alfred W. Goldthwaite, Montgomery, Ala., Court-appointed, for plaintiff.

William A. Oldacre, Hill, Hill, Stovall, Carter & Franco, Montgomery, Ala., for Dr. Mracek.

Charles Stakely, Jr., Rushton, Stakely, Johnston & Garrett, Montgomery, Ala., for Dr. Chambless.

William G. McKnight, Asst. Atty. Gen., Montgomery, Ala., for defendants Thompson and McLaughin.

## MEMORANDUM OPINION AND ORDER

VARNER, District Judge.

This cause is now submitted upon the motions to dismiss of Defendants Thompson and McLaughin, filed December 20, 1972; of Defendant Mracek, filed December 26, 1972; and of Defendant Chambless, filed January 2, 1973.

The varying factual allegations of the complaint as to the various Defendants offer a rare opportunity to consider an apparent misunderstanding of the law relating to motions to dismiss as commented upon in the opinion, Cook & Nichol, Inc. v. Plimsoll Club (5th Cir. 1972), 451 F.2d 505.[1] Hopefully, an opinion in this case will lead to some clarification of the problem of the sufficiency of so-called "barebones" pleadings in the somewhat conflicting lights cast thereon by the Supreme Court opinion of Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957), when construed in the light of Federal Rules of Civil Procedure, Rules 8(a)(2) and 12(b)(6).

This case is an example of a large volume of litigation now being filed by prisoners in custody of the State of Alabama authorities against various persons in authority who may be responsible for what has judicially been determined by this Court to be inadequate medical treatment of prisoners. Newman et al. v. State of Alabama (1972), U.S. District Court, MD Ala., 349 F. Supp. 278. The complaint, in pro se convict style, pleads for $75,000.00 from the four Defendants: Dr. Mracek, who is not referred to in the body of the complaint; Dr. Chambless, who is alleged to have treated the Plaintiff but whose conduct is not otherwise complained of; MTA McLaughin, who is alleged to have reported Plaintiff as a troublemaker and to have caused him to have been confined in solitary; and Warden Thompson, who is not mentioned in the body of the complaint.

▮ A convict is especially vulnerable to requirements of nicety in pleading, but care must be taken in guaranteeing his equal protection, not to infringe the

---

1. The Court of Appeals, in reversing one of many dismissals for failure to state a cause of action, commented, as follows: "Still, with regularity, case after case comes before this Court where a complaint has been dismissed on 'barebones pleadings' alone, and the casualty count continues to soar."

equal protection of others. This Court is aware of the obvious hardship of denial of medical treatment over a period of many days to a person who has been shot. Proper allegations thereof by a convict against his custodian would state a violation of a constitutional protection against cruel and unusual punishment justiciable in federal courts pursuant to 42 U.S.C. § 1983.

This Court is equally aware of the possibility of harassment and hardship on public officials, the wardens, guards, official doctors, board members, and others in daily contact with convicts, of having to employ attorneys to represent them and to appear in court to answer vexatious and frivolous claims made by persons allowed to pursue their rights in forma pauperis with court-appointed attorneys. A public charge of incompetence in a doctor's profession or in any man's business is a serious matter, and the consequences thereof must not lightly be disposed of. The very act of being sued is considerable punishment to a responsible person, and while plaintiffs in forma pauperis proceedings have no responsibility for their claims, the defendants have responsibilities for attorneys' fees and other costs of litigation, as well as for injuries to their reputations brought on by claims which may be fictitious. Laxity in pleading tends to increase the probability of bringing into court substantial people through fictitious claims. They may be subject to harassment and even nuisance value settlements by application of rules which require expensive and extensive discovery for relief to defeat apparently frivolous claims.

Presumably, with this in mind, the Supreme Court adopted, among others, the following rules of civil procedure:

"*Rule* 8(a). * * * A pleading which sets forth a claim for relief * * * shall contain (1) * * * (2) a short and plain statement of the claim showing that the pleader is entitled to relief. * * *

"*Rule* 12(b). * * * Every defense, * * * shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) * * * (6) failure to state a claim upon which relief can be granted * * *. A motion making any of these defenses shall be made before pleading if a further pleading is permitted."

The rule requires, at least, a statement of circumstances "showing that the pleader is entitled to relief". Otherwise, it would appear that a motion to dismiss would lie.[2]

However, a prevalent rule often cited by the Supreme Court and various other appellate courts is the following:

"A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle

2. It is clear that a complaint, from which it could not be discovered what claim was intended to be made, is insufficient. Nicol v. National Savings & Trust Co., 102 U.S.App.D.C. 68, 250 F.2d 36, cert. den. 357 U.S. 909, 78 S.Ct. 1155, 2 L.Ed. 2d 1159, reh. den. 358 U.S. 859, 79 S.Ct. 15, 3 L.Ed.2d 93. See also Texas Water Supply Corp. v. R. F. C. (5 Cir. 1953), 204 F.2d 190. It is also clear that allegations in a pleading should be reasonably adequate to permit preparation of a responsive pleading asserting defenses. Garcia v. Hilton Hotels International (D.C. Puerto Rico 1951), 97 F.Supp. 5. It was held in Bell v. Hosse (M.D.Tenn.1962), 31 F.R.D. 181, and in Hatten v. Worden (E.D.Pa.1965), 38 F.R.D. 496, that the question as to the sufficiency of the complaint is whether it contains sufficient allegations to give the defendants fair notice of what the plaintiffs' claims are and the grounds on which they rest. The complaint need only to indicate generally the type of litigation involved and should give a generalized summary of the claim which affords fair notice to the adverse party. International Ass'n of Machinists, AFL–CIO v. United Aircraft Corp. (D.C.Conn.1962), 30 F.R.D. 142.

him to relief." Conley v. Gibson, supra, 355 U.S. at 45–46, 78 S.Ct. at 102, 2 L.Ed.2d at 84.

There can be no doubt that this rule is a well established principle of law. However, a blind allegiance thereto may well obviate the necessity of a formal complaint. It may be argued that the rule means that, unless the complaint negates a cause of action, a motion to dismiss thereto must be overruled.[3] If this is true, the safe way to state a cause of action is to allege nothing at all or as little as possible so as to be assured that nothing in the pleading can be construed as a defense to the proposed cause of action. Conceivably, this is what Plaintiff proposed to do in his complaint (Appendix A).

■ This Court does not think the Supreme Court or the other courts intended to do away with the requirement that an affirmative pleading must, at least generally, inform the opposite party of the nature of the charge against him. Upon surviving that test, a complaint should not be dismissed on motion for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. With that background, we turn to the complaint in this cause.

■ Stripping the complaint of all allegations not shown to be related to the Defendants, Mracek and Thompson, we see only the heading identifying "Dr. James Mracek—Hospital, * * * Glen Thompson—Warden" and a prayer for $75,000.00 from each "Respondent" and that the Court "restrict the four Responds (Respondents) from coming into the Medical and Diagnostic Center * * *". Clearly, no cause of action is stated against the Defendants, Mracek and Thompson, as they are not shown in any way to be involved with the matters complained of.

■ In regard to the motion of Dr. Chambless, he is identified in the heading of the complaint as "Dr. Chambers —Surgeon", and in the body of the complaint, the following is alleged:

"4—Doctor Chamber, examined, and place me on medication and shots for pain, around 10:AM *Sept. 21—1972.*"

No other allegation specifically refers to Dr. Chambless or Dr. Chamber or Dr. Chambers. This Court cannot construe the allegation of Paragraph 4 as a complaint of the treatment by Dr. "Chamber". *It fails to inform the Defendant* of any charge against him.

■ The complaint identifies the Defendant, Max V. McLaughin, as "Mr. McLaughen—M.T.A. of Mt. Meigs Medi-

---

3. In *International Erectors v. Wilhoit Steel Erectors & R. Service* (5 Cir. 1968), 400 F.2d 465, the Court affirmed dismissal of a complaint which showed on its face that the plaintiff claimed as a third-party beneficiary to a contract which, under Florida law, gave no cause of action to such third-party beneficiaries. In *Feinberg v. Leach* (5 Cir. 1957), 243 F.2d 64, dismissal of a complaint was affirmed where the plaintiff sought to rescind a written contract by virtue of a contradictory alleged oral agreement clearly barred by the Parole Evidence Rule. In *Hilliard v. Brown*, 5 Cir., 170 F.2d 397, dismissal was affirmed of a complaint to recover $50,000.00 from a United States representative for failure to seek impeachment of certain federal judges for alleged misconduct. The complaint, assuming the judicial misconduct, showed a reliance upon the theory that the representative had a legal duty or responsibility to singly conduct impeachment proceedings against the federal judges involved whereas the court took judicial knowledge that the representative had no legal duty or responsibility to conduct such proceedings upon the request of an individual. It was held in *Transworld Air Lines, Inc. v. Hughes* (S.D.N.Y.1965), 38 F.R.D. 499, that allegations are not well pleaded if they are shown to be indefinite or erroneous by other statements in the complaint, if they are contrary to facts of which the court will take judicial knowledge, if they are not susceptible of proof by legitimate evidence, or if they are contrary to uncontroverted material in the file of the case. Presumably, motions to dismiss complaints dependent upon such allegations would properly be sustained.

cal & Diagnostic Center". After alleging the circumstances of Plaintiff's being in the Mt. Meigs Hospital (presumably within the state correctional institution there) after having been shot in the right leg, in reference to the Respondent McLaughlin, the Plaintiff alleged the following:

"5. Because I was in great pain and asked a M.T.A. (McLaughen) for my pain shot, he crused (cursed) me out and said 'he would give that damn shot when he got ready and not before'.

"6. McLaughen turn my name in as a trouble maker and I was locked in isolation for 14 days without any medication or pain relieving drugs."

While these allegations are indeed sketchy against the Respondent McLaughin, this Court is of the opinion that under the test of *Conley*, supra, "it does not appear beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," and that, therefore, the complaint against Defendant McLaughin should not be dismissed at this stage.

This Court is acutely aware of the vulnerability of convicts to violation of their constitutional rights and of the difficulty of securing to convicts their "equal protection" rights without giving them protection in excess of the protections available under the Constitution and laws of the United States to persons who are not incarcerated and are not indigent. In order that this matter may be fully considered, this Court, by separate order, will appoint an attorney to represent the Plaintiff and will enter orders of dismissal without prejudice only. Accordingly, it is the

Order, judgment and decree of this Court that the complaints against Drs. James Mracek and William V. Chambless and against Glen Thompson be, and they are hereby, dismissed with leave within 20 days hereof to the Plaintiff to refile a proper complaint against said Defendants. It is the further

Order, judgment and decree of this Court that the motion of the Defendant, Max V. McLaughlin, to dismiss the complaint against him be, and the same is hereby, denied with leave to the said Max V. McLaughlin to refile his motion after any amendment of this complaint.

## SUPPLEMENTARY OPINION

Because of the possibility of misunderstanding of a portion of this Court's opinion of January 15, 1973, this Court is extending the same for the purpose of pointing out that the language quoted from Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957), is taken out of context. The purpose of this Court is simply to show that the language quoted from Conley should not be taken as alone specifying the law relating to orders on motion to dismiss. A thorough reading of *Conley* indicates this fact. As pointed out by Professor Charles Alan Wright in Law of Federal Courts, Second Edition, 286, 287:

"The rules require the pleader to disclose adequate information as the basis of his claim for relief as distinguished from a bare averment that he wants relief and is entitled to it. It is true that in Conley v. Gibson the Supreme Court referred to 'simplified "notice pleading"' (78 S.Ct. 25, 103, 355 U.S. at 48) but in context it is plain that the Court's statement was one of aim rather than definition. Only two sentences before the phrase in question the Court had emphasized that the rules require the complaint to give the defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.' Thus the Court recognized that the rule does contemplate the state of circumstances, occurrences, and events in support of the claim presented, even though it permits these circumstances to be stated with great generality."

Care, therefore, should be taken to consider the language quoted from Conley v. Gibson, supra, only the context in which it was written.

APPENDIX A

CRUEL AND UNUSUAL PUNISHMENT
And
DENIAL OF PROPER MEDICAL CARE

COME NOW MARKS FRANK, MOVANT, A CITIZEN OF the united State convicted on a plea "Guilty" for ARM ROBBERY in Circuit Court, Montgomery, Alabama Montgomery County, to (20) twenty YEARS, in the State of Alabama penal System And plead with this Honorable Court to Appoint him Anttorney to investigate the Above Cause, which is A vilation of his Civil and Constitutional Rights And to take proper Action Against the Respondents.

### Statement of Facts

1- while Attemptiny ESCApe At Atmore Prison, on 20th day of Sept 1972, I WAS Shot in the Right Ley, Left hip, Left Elbo, And in the Back & Spine. This happen Sept 20 1972 And I WAS given Medical treatment At Atmore, they put Bandaids on the bullet Wound on Medication WAS given me Then I WAS brough to the Mt. Meigs Medical Center.

2- I Arrived at The Medical & Di., jnostic Center Around 4: Pm, Sept 20th 1972, X Ray And WAS Bandays, given A Shot for pain, After the Affect of that Shot WORE off, I WAS only given Aspiren for pain until A Doctor Come About eighteen (18) Hours Later.

3- I ENTER Mt. Meigs Hospital Around 4: Pm, Sept 20-1972 And WAS Not Examine by A Doctor until 10: Am, Sept 21-1972

4- Doctor Chamber, Examined, And place me on Medication And Shots for pain, Around 10: Am, Sept 21-1972.

5- BECAUSE I WAS in great pain And Asked A M.T.A. (McLaughen) for my pain Shot, HE Crused me out And Said "He would give that damn Shot when he got Ready And Not before."

6- McLaughen turn MY NAME in As A trouble MAKER And I WAS Locked in Isolation for 14 days without Any Medication OR pain Relieving drugs.

7- Movant, States He WAS placed in isolation without A hearing or An opportunity to defend Himself And because of this Action He WAS denied proper Medical

CARE AND SUFFERRING, which is in violation of his civil And Constitutional Rights, Also Constitutes CRUEL PUNISHMENT.

8- I WAS unable to walk when they place ME in isolation And foarteen (14) days later they had to take ME out in A wheel Chair And send ME down to the Baptish Hospital in Montgomery.

9- I stayed there weeks At Baptish Hospital Before I WAS Returned to the Mt. Meigs Medical CENTER.

10- I PRAY this Honorable Court will Set A Suit Against EAch Respondent for 75 Thousand dollars EAch. I PRAY that this Honorable Court will REstrict the four Responds from Coming into the Medical And Diagnostic CENTER At Mt. Meigs Alabama, So this Honorable Court CAN put And END to inadequate Medical treatment And the CRUEL punishment that is now PRESENCE At the Medical & Diagnostic CENTER, Mt Meigs Alabama.

11- I PRAY this Honorable Court will AcAEpt this petition, being, I have no training in Law And As of this writing IAm in Lockup, CAn get No LEGAL help Nor do I have the MEAns to Hire LEGAL help.

x Mark Frank
MARK FRANK PETITIONER - PRO -SE

Before ME A Notary Public this _____ 28 _____ day of

_____ Nov _____ 1972

Notary Public.

MY COMMISSION EXPIRES FEBRUARY 9, 1975

## Certificate of Service

I hereby certify that I have served a copy of the aforegoing petition on the Honorable William Baxley, Attorney General of Alabama, and Dr. James Mracek - Hospital Administrator, and Dr. Chamber - Surgeon, and Glen Thompson Warden and Mr. McLaughen - M.T.A. of Mt. Meigs Medical & Diagnostic Center, Mt. Meigs Alabama.

Done this 28 day of May 1972

x Mark Frank
MARK FRANK PETITIONER - PRO - SE

Notary Public.

MY COMMISSION EXPIRES FEBRUARY 9, 1975