LEWIS ET UX. *v*. DAVIS ET AL.

[No. 17,223.   Filed May 25, 1944.]

*James J. McGarvey*, of Valparaiso, and *Oscar B. Thiel*, of Gary, for appellants.

*George W. Douglas*, of Valparaiso, for appellees.

ROYSE, J.—Appellees brought this action to foreclose a mortgage on certain real estate in Porter County, Indiana. Appellants' demurrer to the complaint was overruled. They then filed their answer in three paragraphs. Trial resulted in judgment for appellees. Appellants' motion for a new trial was overruled.

The assignment of errors here is: (1) The trial court erred in overruling appellants' demurrer; (2) the trial court erred in overruling their motion for a new trial.

The motion for a new trial contains sixteen specifications. All but three have been waived by appellants' failure to refer to them in their brief under "Points and Authorities." Rule 2-17-(f), Rules of the Supreme Court. Those not waived are: (1) The trial court erred in overruling the demurrer; (2) the finding of the court is not sustained by sufficient evidence; (3) the decision of the court is contrary to law.

The complaint alleges, in substance, that on the 22nd day of November, 1919, one William Prentiss, being indebted in the sum of $1,800.00, executed his promissory note in the amount of $1,800.00, payable to the order of himself, indorsed the same in blank, and to secure the payment of same he and his wife Izorah Prentiss executed a certain mortgage or trust deed wherein he mortgaged to appellees as trustees for the

holder of said note certain described real estate in Porter County; that said mortgage was duly recorded in the office of the Recorder of Porter County, Indiana, on the 24th day of November, 1919; that subsequently the appellant Elmer Lewis, by *mesne* conveyance, became the owner of said real estate subject, however, to the mortgage of appellees; that appellant Deborah Lewis is the wife of appellee Elmer Lewis and is made a party to answer as to any interest she may have in said real estate; that the mortgage and note secured therein provided for interest at the rate of 8%. after maturity and 5% attorney fees; that the same is long past due and there is due thereon the sum of $1,800.00 plus interest from the 22nd day of November, 1929; and concludes with the prayer that the court find the amount due and owing on said indebtedness and that said mortgage be foreclosed against each of the appellees.

The mortgage recites that the mortgagors, William Prentiss and Izorah Prentiss, his wife, are residents of East Chicago, Lake County, Indiana; that it is to secure the payment, when the same shall become due, of the note which is described in detail. It contains the usual provisions with reference to default in interest payments, and as to insurance and taxes.

Appellants' demurrer is on the ground that the complaint fails to state facts sufficient to constitute a cause of action, and that the plaintiffs' action is barred by the statute of limitations. In support of this demurrer appellants filed a memorandum which, in substance, averred that the only consideration for the mortgage sought to be foreclosed was the securing of the payment of the note therein referred to; that the execution of the mortgage was merely incidental to this note; that more than ten years have elapsed since the date the

note became due; that no payment on principal or interest is shown to have been made within ten years prior to the filing of this action; that said note and mortgage are dated and payable in the State of Illinois and are controlled by the laws of said State and are barred by its statute of limitations.

Upon the overruling of their demurrer appellants filed their answer in two paragraphs. The first amended paragraph of answer pleads the Illinois statute of limitations, and the second paragraph denies that appellant Elmer Lewis became the owner of the real estate subject to appellees' mortgage.

Appellants contend that because appellees were at all times residents of Illinois and the debt secured by the mortgage was executed and made payable in that state, that its statute of limitations is a bar to this action.

It is provided by § 2-606, Burns' 1933, as follows:

"The time during which the defendant is a non-resident of the state or absent on public business shall not be computed in any of the periods of limitation; but when a cause has been fully barred by the laws of the place where the defendant resided, such bar shall be the same defense here as though it had arisen in this state: Provided, That the provisions of this section shall be construed to apply only to causes of action arising without this state."

This section does not apply to plaintiffs but only to defendants. *Sinclair et al.* v. *Gunzenhauser et al.* (1913), 179 Ind. 78, 127, 98 N. E. 37, 100 N. E. 376; *Hobbs* v. *Ludlow et al.* (1927), 199 Ind. 733, 160 N. E. 450; *Fisher* v. *Reaser et al.* (1943), 113 Ind. App. 292, 46 N. E. (2d) 280. This is an action to foreclose a mortgage on real estate in this State. Such actions are governed by the laws of this State.

*Nathan, Executor, et al.* v. *Lee, Receiver, et al.* (1899), 152 Ind. 232, 52 N. E. 987; *Sinclair et al.* v. *Gunzenhauser et al., supra.*

An action on a note and an action to foreclose a mortgage to secure the payment of such note are distinct actions which may be prosecuted together or separately. While an action on the note is barred by the ten-year statute of limitations (§ 2-602, Burns' 1933, Subd. 5), an action to foreclose the mortgage made to secure payment of the note is controlled by the twenty-year statute. § 2-616, Burns' 1933; § 2-623, Burns' 1933 (Supp.). This is true even though, as in the instant case, the mortgage contained an express agreement to pay the debt. *Yarlott* v. *Brown* (1923), 192 Ind. 648, 138 N. E. 17, and authorities cited.

Appellants next contend the finding of the court is not sustained by sufficient evidence. The parties made the following stipulation:

"That the plaintiffs are and have at all times since prior to the 22nd day of November, 1919, and are now residents of the State of Illinois: That the defendants and each of them are and have been, during all of said period of time, bona-fide residents of Porter County, Indiana.

"That the note described in plaintiffs' complaint was executed and delivered to these plaintiffs on the 22nd day of November, 1919, that said note was executed and delivered to the plaintiffs by one William Prentiss, and his wife, Izorah Prentiss.

"That said William Prentiss was on said 22nd day of November, 1919, the owner of the real estate described in plaintiffs' complaint and that on said date simultaneously with the execution of said promissory note, he, the said William Prentiss, together with his wife, the said Izorah Prentiss, executed and delivered, to secure said note, the mortgage sued upon and described in plaintiffs' complaint. That as stated in said note, the same

expressly states that it is payable to the Western Trust and Savings Banks of Chicago, Illinois. That said note has at all times been the property of and has been held by the plaintiffs.

"It is further stipulated by and between the parties that the defendant, Elmer Lewis, became the owner of said real estate more than ten (10) years after the 22nd day of November, 1919, and prior to the filing of plaintiffs' complaint in this action. That the defendant, Elmer Lewis, has never at any time made any payment on said mortgage indebtedness and that he has never executed any new promise to pay the same nor any part thereof. That he has never, at any time, by written agreement or otherwise assumed or agreed to pay the same. That the defendant Deborah Lewis is the wife of the defendant, Elmer Lewis.

"The parties further stipulate and agree that heretofore, the defendant, Elmer Lewis, filed in action in the Porter Superior Court as Cause # 9639 against certain individuals included among them, Sarah J. Davis and Eleanor J. Davis, as Trustees, and which action was filed for the purpose of quieting title to the real estate described in plaintiffs' complaint in this cause. That the only notice given to said Sarah J. Davis and Eleanor J. Davis, as Trustees, was by publication of notice in the Vidette-Messenger, a daily newspaper in Porter County, Indiana, and which publication was made in the month of May, 1940, and which was returnable on the 28th day of June, 1940. That neither these plaintiffs nor Sarah J. Davis and Eleanor J. Davis, as Trustees, received or had any actual notice of the pending of said action. That these plaintiffs, as well as Sarah J. Davis and Eleanor J. Davis, as Trustees, are entitled to have the judgment of the court entered in said Cause # 9639, as well as the Sheriff's sale held pursuant thereto, set aside and vacated as to them. It is stipulated and agreed that the complaint filed by these plaintiffs shall stand as an answer and cross-complaint in said Cause # 9639, the two causes having been consolidated.

"It is further stipulated that there is owing on said promissory note the sum of $4,672 principal

and interest which sum is past due.   That a reasonable fee for plaintiffs' attorney is $200.00."

Appellants introduced evidence, including the note and mortgage, which supported the stipulation.

We are of the opinion the trial court did not err in overruling the demurrer; that there was ample evidence to sustain the finding of the court, and its judgment was not contrary to law.

The judgment of the Porter Superior Court is affirmed.

NOTE.—Reported in 55 N. E. (2d) 119.