BARRICK ET AL. *v.* MORGAN CONSTRUCTION SUPPLY CORPORATION.

[No. 19,692. Filed March 10, 1964.]

*Lucas, Clifford & Wildermuth* and *William F. Kane, Jr.,* both of Gary, for appellants.

*Mox G. Ruge,* of Chesteron, for appellee.

RYAN, J.—This was an action to foreclose a mechanic's lien for materials and labor supplied by the appellee for use in a home being constructed upon the property of the appellants. Trial was had by the court and judgment was entered in favor of the plaintiff-appellee. A motion for a new trial was filed and was overruled, and appellants now assert the overruling of such motion as their assignment of errors.

Appellants in substance argue that the materials were not actually used in the erection of the home; that they were not furnished at the authority of the landowner; that they were furnished under an open account, and that the notice of intention to hold a lien was not filed within the statutory sixty (60) day period.

These general propositions as stated by the appellants are correct expositions of the law, and if supported by the factual situation would of course preclude a recovery by the appellee.

Briefly, the evidence adduced before the trial court, and most favorable to the appellee, indicates that the appellee did in fact prepare an estimate of costs for the labor and materials for the home which was being built for the appellants. There is also evidence that the appellants supervised some of the details of the construction, and selected some of the colors for the painters; that the appellants visited the premises many times during the construction, and that there was a sign erected on the lot that appellee was furnishing the materials for its construction; that the notice of intention to hold a lien was filed on November 9, 1959, and that a carpenter employed by the appellee performed some

work on September 12 and October 1, 1959. Invoices for the materials were also introduced and admitted into evidence.

Where there is evidence or evidence from which reasonable inferences can be drawn to support the material elements essential to recover, this court can not substitute its judgment for that of the trial court. Our purpose is to determine the questions of law which allegedly have been determined incorrectly by the trial court, and not questions of fact.

There being some evidence to sustain the essential allegations necessary for recovery, the judgment of the court below is affirmed.

Judgment affirmed.

Carson, C. J., Clements, J.,* and Cooper, J., concur.

NOTE.—Reported in 196 N. E. 2d 762.

---

*While Judge Clements participated in the hearing of oral argument and a conference of the judges, and concurred in the result at the time of the conference, his untimely death occurred before the adoption of this opinion.