Ada FORD, Appellant (Plaintiff Below),

v.

Hilda ECKERT, Appellee (Defendant Below).

No. 1–1179A298.

Court of Appeals of Indiana, First District.

July 10, 1980.

Phillips & Long, Boonville, for appellant.

ROBERTSON, Presiding Judge.

This case involves a property boundary dispute between neighbors. The trial court determined that the land belonging to Hilda Eckert (Eckert) did not pass to Ada Ford (Ford) by adverse possession. The problem arose when a survey was performed by the Town of Birdseye in order to put in a water system. The survey disclosed that the true boundary line between the parties' lots was not the line assumed by Ford. The trial court adopted the boundary line as disclosed

by the survey of Ralph Wallen. Although this may be the true boundary line as a result of how the lots were platted, we glean from the evidence presented, that title to the disputed area passed to Ford by adverse possession prior to the acquisition of the land by Eckert.

Testimony shows that Ada Ford purchased her property on June 13, 1946, from the Grant family, who owned the land from 1938 to 1946. Lloyd Grant, whose parents owned the land, testified that although he never lived in the house, he remembered the property owned by Ford and Eckert to be separated by a fence attached to a hickory tree located on the front portion of the property. Ford testified that the fence was located in the hickory tree when she bought the property although it was not there now. Further, Ford testified that she mowed and took care of the strip up to the fence even after the fence was removed.

Hilda Eckert testified that she bought her property on September 13, 1960, and that there was no fence along the disputed boundary line at that time. Eckert also testified that she never objected to Mrs. Ford mowing on what Eckert believed to be her side of the line, but that she did not acquiesce in any ownership activity beyond where she thought the line should be. Eckert also presented testimony of other persons to the effect that they didn't remember any fence connected to the hickory tree.

■ We first note that Eckert has not favored this court with an appellee's brief. When this is the case, the appellant need only make a *prima facie* showing of reversible error in order to reverse the trial court's decision. *Morris v. City of Evansville,* (1979) Ind.App., 390 N.E.2d 184; *Jahn v. Jahn,* (1979) Ind.App., 385 N.E.2d 488; *Colley v. Carpenter,* (1977) Ind.App., 362 N.E.2d 163.

■ Ford correctly states that since she is appealing from a negative judgment that she must show the evidence to be without conflict and lead to but one conclusion which was not reached by the trial court. *Umbreit v. Chester B. Stem, Inc.,*

(1978) Ind.App., 373 N.E.2d 1116. In order to establish title by adverse possession, Ford has to show her possession to be actual, visible, open and notorious, exclusive, under claim of ownership, hostile and continuous for the statutory period. Ford also needs to show according to statute that she paid taxes which fell due during the adverse possession period. *Penn Central Transportation Co. v. Martin,* (1976) Ind.App., 353 N.E.2d 474; *Colley v. Carpenter, supra* ; cf. *Berrey v. Jean,* (1980) Ind.App., 401 N.E.2d 102; *Ind.Code* 34–1–2–2; *Ind.Code* 32–1–20–1.

Although the present statutory period for adverse possession is ten years, prior to 1951, the applicable statute of limitations for adverse possession was twenty years. Since Eckert bought the property in 1960, and testified that she never acquiesced in ownership actions by Ford, to prevail, Ford must show that the land was adversely possessed prior to Eckert's purchase of the property. This requires the application of the twenty year time period.

■ It is clear that the statutory period need not be maintained by one person, but that successive periods may be tacked together to attain the necessary period. *Smith v. Brown,* (1956) 126 Ind.App. 545, 134 N.E.2d 823; cf. *McCarty v. Sheets,* (1979) Ind.App., 391 N.E.2d 834, (*transfer pending*). Here, Ford purchased the property in 1946. In order to prevail, she must present evidence as to the adverse possession of the same property by a prior owner. This is accomplished by tacking the eight years that the Grants were in possession, 1938–1946. From Lloyd Grant's testimony, it is apparent that the Grants exercised the same control and ownership over the disputed area as did Ford.

■ A mere mistake in fact does not render the possession any less adverse. Here, Ford and her predecessors clearly intended to claim all the land up to the fence. They acted as if they were the sole owners of the property by maintaining it and using the land for its normal purpose. These facts evidence Ford and her predecessors' intent to claim title to the land. The fact

that they believed the land to actually be theirs does not negate a conclusion that the possession was any less adverse. *Kline v. Kramer*, (1979) Ind.App., 386 N.E.2d 982. Consequently, we find the statutory requirements of IC 34–1–2–2 to be met.

 More troublesome is the payment of tax requirement of IC 32–1–20–1. *See also Kline v. Kramer*, (1979) Ind.App., 386 N.E.2d 982 (dissenting opinion, Hoffman, J.); *McCarty v. Sheets*, (1979) Ind.App., 391 N.E.2d 834 (dissenting opinion, Hoffman, J.). Recently, this court again noted that cases construing the tax requirement have not demanded its rigid application. *Berrey v. Jean*, (1980) Ind.App., 401 N.E.2d 102, 105. In *Kline*, the court of appeals declared:

> In circumstances where boundary disputes arise due to the erection of fences or other structures, the supplementary element of tax payments is inapplicable, since it does not serve as notice to the recorded titleholder that the identical described land on the tax statement is being adversely claimed by another.

386 N.E.2d at 990. We believe this rule of reasonableness in applying the tax provision is a sound one and in keeping with the legislative intent in enacting the tax payment requirement. Ford and her predecessors in title and Eckert's predecessors each maintained and exercised control and ownership of that property they believed was theirs. Additionally, they each paid the taxes which came due on the land. The purpose of the tax payment requirement, to give notice to the true owner, is inapplicable here, because each party paid taxes for what they believed they owned. This reasonable belief cannot serve as notice to the true owner since each believed they were doing only what they were legally obligated to do.

At least with regard to Mrs. Eckert, *Berrey v. Jean, supra*, is clearly on point, in dealing with the tax payment requirement, because "[i]nasmuch as we have determined that notice is not in issue due to the property having passed to the cemetery prior to the acquisition by the Berreys, this conten-

tion fails to constitute error." 401 N.E.2d at 105. Here, no effect could be gleaned from the tax receipts in regard to Eckert, because title to the land had already passed to Ford when Eckert purchased the property.

We hold, therefore, that the facts presented show title to the land had passed to Ford prior to the acquisition of the property by Eckert. Consequently, the trial court's judgment is reversed and the cause remanded to the trial court with instructions to enter a judgment in a manner consistent with this opinion.

Reversed.

NEAL and RATLIFF, JJ., concur.