John DOWELL, et al. and Alva Greathouse, Evelyn Greathouse, Defendants-Appellants,

v.

Everett Dean FLEETWOOD, Karen Fleetwood, Plaintiffs-Appellees.

No. 1–780A175.

Court of Appeals of Indiana, First District.

June 2, 1981.

Robert A. Meyer, Bedford, for defendants-appellants.

William K. Steger, Bunger, Harrell & Robertson, Bloomington, Gordon K. Emery, Donovan, Emery & Hewetson, Bedford, for plaintiffs-appellees.

NEAL, Presiding Judge.

This is an appeal by defendants-appellants Alva Greathouse and Evelyn Greathouse (Greathouses) from an adverse judgment in the Lawrence Superior Court quieting title to real estate in favor of plaintiffs-appellees Everett Dean Fleetwood and Karen Fleetwood (Fleetwoods) on the basis of adverse possession.

We affirm.

## STATEMENT OF THE FACTS

The trial court made special findings of fact and conclusions of law. We have examined the record and determine that the evidence supports the special findings and conclusions. The trial court found that Fleetwoods purchased a one-acre triangular tract of real estate on contract in January 1960. They occupied it from that time continuously until mid-year 1975. Fleetwoods received a warranty deed for the property on April 4, 1964. During the occupancy and until mid-1975, Fleetwoods regularly mowed grass, cleared brush, cleaned up and otherwise maintained their land to an existing fence which they believed represented the boundary line of the property. On April 24, 1975, Greathouses became the owner of a contiguous five-acre tract of land lying to the south and east of Fleetwoods' one-acre tract, a portion of which was the subject of Fleetwoods adverse occupancy. The trial court found that Fleetwoods, during the period of their possession and record ownership of the one-acre tract, commencing November, 1960, paid the real estate taxes on that property pursuant to applicable property tax duplicates, and that Greathouses and their predecessors paid the real estate taxes on the five acre tract pursuant to applicable property tax duplicates.

The trial court specifically accepted the survey and plat which located the parcels of real estate and the dividing line between them prepared by the County Surveyor of Lawrence County, Michael Arena, which reflected that the encroachment of the property occupied by Fleetwoods onto the property of Greathouses was 50.59 feet to the aforementioned fence. The trial court further found that Fleetwoods, as well as Greathouses' predecessors in title, treated the old fence as the boundary between the two parcels from 1960 until 1975. The exclusive possession of the disputed area was open and notorious and observed by neighbors and regular passers-by during the prescribed period.

## ISSUES

Greathouses present eight issues for review. We have condensed them into three arguments, and they may be stated as follows:

I. Issues one through four, and issue seven concern the fact that the sole evidence of the payment of taxes as required by Ind. Code 32–1–20–1, as a precondition to maintaining a suit for adverse possession, was that Fleetwoods paid the tax on their property, as described in his deeds of record, and did not pay any tax on the Greathouse property as described in their titles and

deeds. Greathouses contend that this is insufficient as a matter of law to sustain the judgment.

II. Issues five and six both concern the sufficiency of the evidence, in which Greathouses contend that the evidence discloses a permissive occupancy of the disputed strip.

III. Finally, Greathouses assign error by the trial court in failing after judgment to supervise or control the amount of land awarded to Fleetwoods.

## DISCUSSION AND DECISION

*Issue I. Payment of taxes*

Greathouses go to excessive lengths to establish a fact that Fleetwoods do not dispute: that Fleetwoods did not pay the taxes attributed to the disputed tract.

Greathouses' principal argument is directed at the requirement of Ind. Code 32–1–20–1 that no claim for adverse possession shall be valid:

> "unless such adverse possessor shall have paid and discharged all taxes and special assessments of every nature falling due on such land or real estate during the period he claims to have possessed the same adversely."

Greathouses contend that since Fleetwoods did not specifically pay taxes on the disputed strip they cannot prevail.

In *Echterling v. Kalvaitis*, (1955) 235 Ind. 141, 126 N.E.2d 573, our Supreme Court held that where continuous, open and notorious adverse possession of real estate has been established for twenty years to a contiguous and adjoining strip of land, and where taxes have been paid according to the tax duplicate, although the duplicate did not expressly include that strip, adverse possession is established to that strip even though the taxes were not paid by the adverse claimant. This case has been followed in *Berrey v. Jean*, (1980) Ind.App., 401 N.E.2d 102; *Conners v. Augustine*, (1980) Ind.App., 407 N.E.2d 1186; *Ford v. Eckert*, (1980) Ind.App., 406 N.E.2d 1209; *McCarty v. Sheets*, (1979) Ind.App., 391 N.E.2d 884; *Kline v. Kramer*, (1979) Ind.

App., 386 N.E.2d 982; *Colley v. Carpenter*, (1977) Ind.App., 362 N.E.2d 163.

■ Greathouses submit various arguments, each of which urges us to overrule *Echterling, supra,* and its progeny. We decline. *Echterling* is sound law in that it preserves continuity of possession and supports stability in real estate titles.

Greathouses point out that the ruling by the trial court locating the property according to the Michael Arena survey and plat, has the effect of moving Fleetwoods' entire property south and east 50.59 feet. He then argues that since the neighboring property to the north was not relocated as well, a hiatus of one-half acre was created. That land, he contends, simply disappeared from the tax rolls. We view the problem as one between the taxing authorities and the landowners involved and it is not an issue in this case. Procedure exists to tax omitted property. Ind. Code 6–1.1–9–1.

■ The trial court, relative to the payment of taxes, found:

"* * *

4. That the plaintiffs, during the period of their possession and record ownership commencing November 1960, paid the real estate taxes on their property pursuant to the applicable tax duplicates."

Here, Greathouses contend that since the Fleetwoods held their property as vendees under the land sales contract from 1960 until 1964, at which time they secured a warranty deed, the Fleetwoods claim of adverse possession must fail. Greathouses do not contend that the vendor paid no taxes. We consider that for the purpose of satisfying the requirement in boundary line disputes that the adverse possessor paid the taxes assessed against him, payment by the contract vendor is sufficient.

*Issue II. Sufficiency of the evidence*

■ We remind Greathouses of the standard of review where sufficiency of the evidence is in issue. This was recited in *Lake County Title Company v. Root Enterprises*, (1975) 167 Ind.App. 559, 570, 339 N.E.2d 103:

"When the error complained of is the sufficiency of the evidence to support the findings and conclusions of the trial court, this Court will not weigh the evidence or resolve the credibility of the witnesses. We will look only to the evidence and the reasonable inferences therefrom which tend to support the action of the trial court. *Cole Real Estate Corp. v. Peoples Bank & Trust Co.* (1974), 160 Ind.App. 88, 310 N.E.2d 275; *Wilson v. Jerry Miller, Inc.*, (1973), 157 Ind.App. 135, 299 N.E.2d 177. It is the duty of the trier of fact to resolve conflicts in the evidence. If there is evidence to support the findings and conclusions of the trier of fact, the judgment will not be disturbed on appeal. *Cole Real Estate Corp., supra.*

When the error complained of is the correctness of the trial court's application of the law, this Court must correctly apply the law to the findings of the trial court and the evidence."

In their argument, Greathouses essentially invite us to reweigh the evidence. We decline. Greathouse points to testimony which supports his position and asks us to accept it, though it is controverted. He cites testimony that the use of the disputed land by Fleetwoods was permissive in that they had secured permission from Greathouses' predecessors. This was specifically denied by the Fleetwoods. Other evidence, to the effect that no one ever saw Fleetwoods use the strip, was likewise controverted by other witnesses at the trial. Greathouses argue that the evidence of mowing, maintenance, use and occupancy was not continuous, exclusive, visible, conspicuous, hostile, or under a claim of ownership, and was in fact insidious, desultory, and fugitive.

 It is a well settled principle that a record title to real estate may be defeated by adverse possession through the operation of the statute of limitation where the possession has been actual, visible, notorious, exclusive, under a claim of ownership, hostile to the owner of the record title, and continuous for the full period of the statute.

*Conners, supra.* The present statutory period is ten years. *McCarty, supra.* So long as an occupant of another's land does not disavow his or her right to possession of the property or acknowledge that the possession is subservient to the title held by the true owner, the possession is adverse or hostile. *Kline, supra.*

 Farming land seasonably to the fence line for the prescribed period is sufficient use to establish adverse possession. *Conners, supra.* Mowing and maintaining property up to a fence, and thereafter to that line following removal of the fence, for the prescribed period, has been held sufficient. *Ford, supra.* Use of land as pasture or garden, up to a fence line, under mistake as to the true boundary line, evinces open and notorious, visible, and exclusive occupancy. *Colley, supra.* Where adjoining property owners treated a fence line as a boundary, and the adverse possessor believed he had purchased property to that line, pastured it and planted crops in season, adverse possession was established. *Kline, supra.*

 The trial court made findings of fact reflecting that from 1960 continuously until mid-year 1975, Fleetwoods cut and mowed growth, cleaned brush, cleared and otherwise maintained the disputed strip to the fence. Fleetwoods paid the real estate taxes on their property pursuant to the applicable tax duplicates. The Fleetwoods treated the fence as their boundary. No one but the Fleetwoods exercised any dominion over the disputed strip from 1960 to 1975. Greathouses' predecessor in title had conceded the fence to be the boundary. This is sufficient evidence, with support in the record to establish adverse possession in favor of Fleetwoods.

*Issue III. Error in failing to supervise or control the amount of land awarded to Fleetwoods*

 We are not at all clear on what Greathouses contend under this argument. However, in the summary of this argument, Greathouses allege that the court "bases its

award of the record title holders land on an unsupervised survey after trial and before judgment, all contrary to the evidence of record...." Examination of the record discloses no unauthorized survey. However, Greathouse shows that after trial the court took his decision under advisement. Thereafter the record discloses that the court "being partially advised, but not fully advised in the premises," set the matter for a post trial conference on January 23, 1980. The January 23 conference date was continued and never held, and on February 1, 1980, the court entered its judgment. Greathouse, in his brief, observes "that he still wonders how the court became fully advised in the premises, without ever conducting the continued January 23, 1980 post trial hearing." This suggestion that the judgment was based upon an unsupervised survey avails Greathouses nothing. When a motion to correct errors is based upon evidence outside the record, the motion shall be supported by affidavits showing the truth of the matters asserted in the motion. Ind. Rules of Procedure, Trial Rule 59(G). This was not done here, and so this assignment is not available on appeal. In any event, the findings of fact and conclusions of law affirmatively show that the trial court based its judgment on the survey entered into evidence by the County Surveyor, Michael Arena.

For the reasons above stated, this cause is affirmed.

Affirmed.

ROBERTSON and RATLIFF, JJ., concur.