**Gwendolyn Cain LEE, Appellant,**

v.

**The ESTATE OF Herbert Julian CAIN, et al., Appellee.**

No. 3–884A228.

Court of Appeals of Indiana, Third District.

April 22, 1985.

awarding the Welfare Department only two-thirds of the fund (approximately $1,800.00.).

Hamilton L. Carmouche, Gary, for appellant.

Paul A. Leonard, Jr., Goldsmith, Goodman, Ball & Van Bokkelen, Highland, for appellee.

STATON, Presiding Judge.

Gwendolyn Cain Lee appeals from an award of nine hundred eighty dollars ($980.00) on her claim against the estate of her former husband, Herbert Cain, for six thousand four hundred thirty dollars ($6,430.00) in back child support payments.

The sole issue before us for review is whether the trial court erred as a matter of law in determining that the fifteen year statute of limitations[1] had run against all but $980.00 of the claim.

■ The material facts are not in dispute and the parties agree that IC 34–1–2–3 is the applicable limitations statute. The only dispute is whether that statute was tolled by the decedent's voluntary absence from the States of Michigan or New York. When the only allegation of error is that the trial court misapplied the law, our task on review is to correctly apply the law to the undisputed facts. *See Dowell v. Fleetwood* (1981), Ind.App., 420 N.E.2d 1356, 1359; *Barrick v. Morgan Construction Supply Corp.*, (1964), 135 Ind.App. 672, 196 N.E.2d 762, 763.

The parties agree that Gwendolyn and Herbert Cain were divorced in New York State and pursuant to an order of support under the Uniform Reciprocal Enforcement of Support Act entered by the Wayne County Circuit Court for the State of Michigan, Herbert was ordered to pay ten dollars ($10.00) per week toward the support of the couple's minor child. The payments were to commence July 2, 1954 and terminate when the child reached seventeen (17) years of age, on or about July 8, 1967. Herbert died intestate on March 6, 1980; an estate was opened in Lake County, Indiana and Gwendolyn filed her claim against the estate on August 18, 1980. Gwendolyn alleges that Herbert paid only $330.00 toward his support obligation before he dropped out of sight. Gwendolyn was unable to determine his whereabouts until she learned of his death in Gary, Indiana in March, 1980.

---

1. Ind.Code 34–1–2–3 (Burns Code Ed.).

Gwendolyn argues that because Herbert voluntarily absented himself from both Michigan and New York she was unable to enforce the support order and any limitations period applicable to her claim should be tolled pursuant to the statutory exception for absent defendants which exists in New York[2] and Michigan[3] as well as in Indiana.[4] Indiana's law, which is substantially similar to those in New York and Michigan, provides:

"(a) The time during which the defendant is a nonresident of the state shall not be computed in any of the periods of limitation except during such time as the defendant by law maintains in the state of Indiana an agent for services of process or other person, who, under the laws of the state of Indiana, may be served with process as agent for the defendant.

(b) When a cause of action has arisen without this state against a nonresident defendant, and the defendant does not maintain any agent in the state of Indiana for service of process or other person who, under the laws of this state, could be served with process as agent for the defendant and such cause has been fully barred by the laws both of the place where the defendant resides and of the place where the cause of action arose, such bar shall be a defense here."

IC 34–1–2–6.

 Gwendolyn seems to argue that Herbert's non-residence in New York or Michigan should somehow trigger application of the exceptions statute, tolling the limitations period, on a cause of action brought in Indiana. Although it may seem like a "catch-22" situation, the fact remains that Gwendolyn's claim is against an Indiana resident, in the State of Indiana. It is well settled that the law of the forum state governs in procedural matters and that limitations statutes, being procedural in nature, fall within the rule. *Horvath v. Davidson* (1970), 148 Ind.App. 203, 264 N.E.2d 328, 332. "If an action is barred by the statute of limitations of the forum, no action can be maintained though the action is not barred in the state where the cause of actions arose." *Horvath v. Davidson, supra* 264 N.E.2d at 331, quoting *Wells v. Simonds Abrasive Co.,* 345 U.S. 514, 73 S.Ct. 856, 97 L.Ed. 1211. Thus, even though Gwendolyn might have been successful under the saving clauses of the New York or Michigan statutes had she brought an action in one of those states, Herbert's non-residence in those states is of no consequence in an action brought in Indiana where he was a resident. Nor can Gwendolyn claim the benefit of Indiana's non-residence statute because of her own residence outside of Indiana during the statutory limitations period—the statute has no application to non-resident plaintiffs. *Lewis v. Davis* (1944), 114 Ind.App. 715, 55 N.E.2d 119. Therefore, Gwendolyn's claim for child support payments survives only to the extent of payments which came due within the fifteen (15) years immediately prior to the filing of her claim. That is, she may recover payments which accrued after August 18, 1965. This was the judgment rendered by the trial court and we affirm.

HOFFMAN and GARRARD, JJ., concur.

2. N.Y.Civ.Pract.Law § 207.

3. Mich.Comp.Laws Ann. § 600.5853.

4. Ind.Code 34–1–2–6.