### Clark E. WELCH, First National Household Finance Corporation, III, Terry E. Johnston, and INB Banking Co., North, Appellants–Defendants,

v.

### Connie Marie HEAVELIN and Daniel Eugene Heavelin, as Assignees of a Mortgage from Verlie Mae Welch Gillespie, Deceased, Appellees–Plaintiffs.

No. 64A03–0812–CV–594.

Court of Appeals of Indiana.

Nov. 24, 2009.

Kristin L. Scheuerman, Valparaiso, IN, Attorney for Appellants.

Duane W. Hartman, Valparaiso, IN, Attorney for Appellees.

## OPINION

HOFFMAN, Senior Judge.

Clark E. Welch appeals the trial court's order of foreclosure in favor of Connie and Daniel Heavelin, assignees of a mortgage from their deceased mother, Verlie Mae Welch Gillespie.

We affirm.

The sole issue for our review is whether the trial court erred in entering the foreclosure order in favor of Connie and Daniel.

Gillespie and Welch were divorced in 1993. The dissolution court awarded Welch the marital residence and ordered him to pay Gillespie $16,500, which represented Gillespie's $15,000 share of the marital property and a $1500 maintenance arrearage. To secure the payment, the court ordered Welch to execute a mortgage on the residence in favor of Gillespie. Welch executed the mortgage in December 1993, and it was recorded in the Porter County Recorder's Office in 1994. Welch defaulted on the mortgage, and Gillespie did not enforce it.

Gillespie died in 2003, and the mortgage was assigned to her children and heirs, Connie and David. In January 2008, Connie and David filed an amended complaint against Welch; First National Bank, Valparaiso, Indiana; Household Finance Corporation, a Delaware Corporation; Terry E. Johnston; and INB Banking Company, North to foreclose the mortgage. Welch filed a summary judgment motion wherein he argued that pursuant to the Judgment Lien Statute, Indiana Code Section 34–55–9–2, the lien on his property expired ten years from the time the lien was entered. Therefore, according to Welch, the lien on his property expired in 2003, five years before Gillespie died.

In June 2008, following a summary judgment hearing and a trial, the trial court found that the statute upon which Welch relied applied only to Judgment Liens. The court explained that Gillespie had a mortgage lien, which is controlled by Ind. Code section 32–28–4–1. The court denied Welch's summary judgment motion, and foreclosed the mortgage in favor of Daniel and Connie. The court noted that First National Bank, Johnston, and INB Banking no longer had an interest in the real estate, but that Household Finance's mortgage had priority over Daniel and Connie's mortgage. The court ordered that the real estate be sold to pay the judgment of foreclosure, and if the proceeds of the sale were not sufficient to satisfy Connie and Daniel's claim, the Sheriff of Porter County was to levy upon Welch's goods and chattels until the judgment was satisfied in full. Welch appeals.

Welch argues that the trial court erred in entering the foreclosure order in favor of Connie and Daniel. Specifically, his sole contention is that pursuant to the Judgment Lien Statute, the lien on his property expired in June 2003, ten years from the time the lien was entered, and five years before Gillespie died.

However, more than one-hundred and twenty-five years ago, the Indiana Supreme Court explained that the predecessor to Indiana Code Section 34–55–9–2 applied only to the recovery of money, and did not apply to a decree of foreclosure establishing a specific mortgage lien upon real estate. *The Evansville Gas–Light Company v. the State ex rel. Reitz,* 73 Ind. 219, 221 (1881). This court reached a simi-

lar result in *Lewis v. Davis,* 114 Ind.App. 715, 55 N.E.2d 119, 120 (1944), wherein we stated that although an action on a note is barred by the a ten-year statute of limitations, an action to foreclose the mortgage made to secure payment of the note is controlled by a twenty-year statute.

Here, the trial court properly found that the controlling statute is Indiana Code Section 32–28–4–1, which controls mortgage liens. Pursuant to the terms of this statute, a mortgage lien expires in twenty years. The mortgage lien in this case was created in 1993, and Connie and David had until 2013 to foreclose the mortgage. Their 2008 complaint was therefore timely filed, and we find no error.

Affirmed.

CRONE, J., and BROWN, J., concur.